MURPHY *v.* COOK.

4-6606 155 S. W. 2d 330

Opinion delivered November 3, 1941.

*Witt & Witt* and *H. A. Tucker,* for appellant.

*C. T. Cotham, Carl W. Johnson* and *Q. Byrum Hurst,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Garland county, Arkansas, by appellant, a citizen of said county, an owner of real property in Street Improvement District No. 2 in said county and state, in behalf of himself and all others similarly situated, to enjoin the district and the duly appointed commissioners thereof from issuing any bonds against the district and recording any pledge of assessment of benefits against the property in said district with which to pay the bonds, alleging act 41 of the Acts of the General Assembly of 1941, under which said district was organized, was and is void for two reasons:

First, by its terms it does not apply uniformly to all the counties in the state and is, therefore, a special or local act, in conflict with amendment No. 14 of the Constitution of Arkansas of 1874 forbidding the passage of special or local acts and;

Second, even if not a special or local act inhibited by the Constitution the act is void because it is vague, contradictory in its terms and ambiguous.

A demurrer was filed to the complaint which was sustained and the cause dismissed by the court over appellants' objection and exception, from which is this appeal.

(1) Appellants' first contention is that act 41 of the Acts of 1941 is local and void because it applies to cities only that have a population of 5,000 or more when it is judicially known that many of the counties in the state do not have in their boundaries a city having a population of 5,000 or more. The act does not limit the area in which improvement districts may be formed to counties having at the time of its passage cities therein with a population of 5,000 or more. The act itself is prospective and has application to all counties in the state whenever a city or cities therein are, according to the last federal census, shown to have a population of 5,000 or more.

It is provided in the latter part of § 24 of said act that: "Said population shall be determined by the population given by the most recent federal census taken prior to the filing of any petition for the formation of any improvement district under this act. This act is intended to apply to all the counties of the state which now have cities of a population of 5,000 inhabitants or which may hereafter have cities of 5,000 population."

The quoted part of § 24 above shows that the act is prospective in operation and that the classification made is reasonable and not arbitrary.

This court ruled in the case of *Lemaire* v. *Henderson*, 174 Ark. 936, 298 S. W. 327, that (quoting syllabus 1): "Acts 1927, p. 531, providing for the establishment of consolidated county school districts in counties having a population exceeding 75,000 persons, held not contrary

to Constitution, article 14, providing that the Legislature shall provide for the maintenance and support of common schools, as the Legislature has authority to make a legitimate classification of schools."

And also ruled in syllabus 6 to the opinion: "Acts 1927, p. 531, providing for the establishment of consolidated county school districts in counties having a population of 75,000 or over, according to the last federal census preceding the election 'herein provided for,' is not invalid as in violation of the constitutional amendment forbidding the passage of special or local laws, though its application is confined to one county only, since it may hereafter apply to counties having the requisite population."

The case of *McLaughlin* v. *Ford,* 168 Ark. 1108, 273 S. W. 707, is directly in point and distinguishes between what is a general act and what is a special act. We quote syllabus 6 from said opinion which is peculiarly applicable to the instant case, as follows: "Although Acts 1913, p. 48, and the act of the Special Session of 1923, amendatory thereof, providing for a commission form of government for cities of the first class, applied to those cities only which might have a population of 25,000 or more, according to the last census, such acts were not special, but were applicable to all cities which in the future might have the requisite population."

In the case of *Knowlton* v. *Walton,* 189 Ark. 901, 75 S. W. 2d 811, this court ruled that act 311 of the Acts of 1931 providing for a commission form of government in cities of 50,000 or more inhabitants was not contrary to amendment No. 14, taking occasion to say: "If the classification is reasonable and prospective, the law is general, but, if unreasonable and arbitrary the law is special or local."

Many cases are cited therein in support of the rule above announced.

In support of the classification made in said act 41 of the Acts of 1941, and that same is not arbitrary but is entirely reasonable we refer to the case of *Hogue* v. *The Housing Authority of North Little Rock,* 201 Ark. 263, 144 S. W. 2d 49, where this court upheld the Housing

Authorities Act, act No. 298 of the Acts of 1937 (Pope's Digest, §§ 10059-10088). What this court said in the opinion in that case on pages 270 and 271 thereof is particularly applicable to the instant case in showing that the classification is reasonable.

Act 41 of the Acts of 1941 is fashioned after and is almost an exact copy of act 126 of the Acts of 1923 in all important particulars and that act was held constitutional in the cases of *Reed* v. *Paving District No. 2,* 171 Ark. 710, 286 S. W. 829, and *Morehart* v. *Mabelvale Road Imp. Dist. No. 29,* 178 Ark. 219, 10 S. W. 2d 856. A reading of those two cases convinces us that act 41 of the Acts of 1941 is a general and not a local act.

(2) It is also contended that the act in question is vague, contradictory and ambiguous and for those reasons is void. Our special attention is directed to a part of § 1 of act 41, which reads as follows: "Upon the petition of a majority in value and of area of the owners of real property in any territory adjacent to a city having a population of more than five thousand inhabitants, as shown by the last federal census, it shall be the duty of the county court to lay off into an improvement district the territory described in the petition, . . ."

And to the last sentence of paragraph 24 of said act which reads as follows: "This act is intended to apply to all counties of the state which now have cities of a population of five thousand inhabitants or which may hereafter have cities of five thousand population."

Appellant argues that under the language used in the above parts of the act quoted there is an unreconcilable contradiction in that under § 1 of said act the act would be applicable to any county containing a city with a population of more than 5,000 while under the last sentence of paragraph 24 of said act, it is stated that this act is intended to apply to all counties of the state which now contain cities of a population of 5,000 inhabitants or which may hereafter contain cities of 5,000 population. We think that when the act is read altogether it is clear that the Legislature did not intend by the last sentence of § 24 to limit its application to counties which have cities of a population of only 5,000, but

that the intent was for the act to apply to cities of a population of 5,000 or more.

Our attention is also specifically directed to § 24 of act 41 as follows: ''All land within twenty-five miles of the city having a population of forty thousand or more, all lands within twenty miles of a city having a population of thirty thousand or over and less than fifty thousand, all lands within fifteen miles of a city having a population of ten thousand or over and less than thirty thousand and all lands within five miles of a city having a population of five thousand or over and less than ten thousand shall be deemed to be adjacent to said city, and may be included in such districts.''

It is argued that the section within itself is so vague, ambiguous, and contradictory as to render the act void and of no effect.

The argument is made that it is first stated that all lands within 25 miles of a city having a population of 40,000 or more shall be deemed to be adjacent to said city while the second phrase states that all lands within only 20 miles of a city having a population of 40,000 or more and less than 50,000 shall be deemed to be adjacent to said city, and may be included in such districts. It is quite apparent that 40,000 used in the second line of § 24 of act 41 is a typographical error, and that the use of 50,000 instead of 40,000 was intended.

In *Robinson* v. *DeValls Bluff,* 197 Ark. 391, 122 S. W. 2d 552, ''inseparable'' was held to be a typographical error for ''separable.'' It was recently held that the word ''corporation'' as used in § 2-b of act 129 of 1941 was held to be a clerical misprision for the word ''proportion.'' *Hardin, Commissioner* v. *Ft. Smith Couch & Bedding Co., ante* p. 814. If the figure 50,000 is inserted in line 2 instead of 40,000 there would be no contradiction, vagueness or ambiguity in the section referred to. We, therefore, conclude that the legislative intent was to use 50,000 instead of 40,000. The rule is that the legislative intent should prevail even if it differs from the literal import of some of the terms of the act. *Watson* v. *Harper,* 188 Ark. 996, 68 S. W. 2d 1019.

Lastly appellant questions the validity of § 18 of act 41 of the ·Acts of 1941 which section is as follows: "The districts shall not cease to exist upon the completion of the improvement, but shall continue to exist for the purpose of preserving it and keeping it in repair. To this end the commissioners may from time to time make such additional levies based upon the assessment of benefits as may be necessary for that purpose, but the amount of the total levies shall not exceed the assessed benefits and interest thereon."

It has been decided by this court in a number of cases that the Legislature has full power under the Constitution to confer authority upon the commissioners of improvement districts to provide that such districts shall not cease to exist upon the completion of the improvement, but may continue for the purpose of preserving and keeping the district in repair, and that the commissioners are authorized to make additional levies based upon the assessment of benefits necessary for that purpose. ·Cases so deciding are *Nall* v. *Kelly,* 120 Ark. 277, 179 S. W. 486; *Road Improvement District* v. *Hall,* 140 Ark. 241, 215 S. W. 262; *Dickinson* v. *Reader,* 143 Ark. 228, 220 S. W. 32.

No error appearing, the decree of the chancellor is in all things affirmed.