McCall *v.* McCall.

4-6690                                          165 S. W. 2d 255

Opinion delivered October 19, 1942.

*Ada Marett Carter,* for appellant.

*John F. Park,* for appellee.

Griffin Smith, C. J.    The decree appealed from granted J. C. McCall a divorce on the allegation that he and Bama McCall had lived apart for three consecutive years without cohabitation.[1]

The wife sued January 31, 1938, alleging that Mildred Hays had succeeded to her husband's affections, and that they were living together. The prayer was for separate maintenance.[2] Ten days later the court ordered monthly payments of $30 *pendente lite.*

February 21 the husband answered and cross complained. He asked for an absolute divorce, with equitable division of certain property listed and evaluated.

June 28, 1939, the temporary order directing payment of $30 was modified by reducing payments to $15 April 22, 1941, McCall filed an amendment to his cross complaint in which it was stated that monthly payments of $15 ordered February 9, 1938, were directed to be discontinued October 3, 1940, but through error the order had not been placed of record. June 3, 1941, the wife filed an answer to her amendment to the defendant's cross complaint, alleging that $560 was delinquent; also,

---

[1] Act 20, approved January 27, 1939, subdivision 7.

[2] The plaintiff's allegation was that McCall was a railway brakeman who earned approximately $200 per month.

that in 1932 the husband procured a $2,000 policy of insurance. The insured failed to pay premiums, in consequence of which Mrs. McCall asked reimbursement of $136.68 for amounts she had paid.

August 31, 1939, an order was issued directing the sheriff ". . . to arrest McCall and place him in the Pulaski county jail for safekeeping until the further order of this court; provided, however, he may make bond in the sum of $90 guaranteeing payment of maintenance of $45. . . ." [3]

The decree of June 5, 1941, recites that at a hearing had June 28, 1939, McCall was denied a divorce on his cross complaint and the cause was continued.

Without detailing transactions sustained by a preponderance of the evidence showing the husband's misconduct and disregard of the marital relation, it is sufficient to say that under the construction given subdivision seven of Act 20 of 1939, the court did not err in granting McCall a divorce on his allegation that separation had been continuous for three years. *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 238.

But it is insisted there is no bill of exceptions because oral testimony when transcribed was not approved until there had been an intervening term of court, and when the appeal was granted time was not asked. Agreement of the parties was that when the stenographer's work should be completed it would be submitted to the court, "and when so approved by the chancellor, filed as depositions and as a part of the record in this case."

*Elvin* v. *Morrow, ante,* p. 456, 162 S. W. 892, is relied upon to exclude all testimony. In that case it was said that one of the methods of bringing oral matter up for review was to have the testimony taken down in writing in open court "and by leave filed with the papers in

---

[3] In response to court order, Missouri Pacific Railroad Company filed a statement showing McCall's average "earned and paid wages" to be $2,258.03, or $187.50 per month. The lowest monthly earning was $10.66 for March; the highest $232.38 for June. During January, February, and March, 1941, earnings were $437.40, a monthly average of $145.80. Total for fifteen months was $2,695.43, or an average of $179.69, plus.

the case." In the instant case the agreement was that *when* approved the transcription of evidence should be treated as depositions. It is true this transaction—approval of the chancellor—occurred at a term subsequent to that at which the decree was rendered; but the agreement was unrestricted and should be liberally construed in the interest of justice.

The judgment is reversed, with directions that alimony of $30 per month be paid from this date. It is further ordered that on remand the amount delinquent be determined under the several court findings. When so ascertained appellee shall pay arrearages at the rate of $10 per month.