JOHNSON v. UNITED STATES GYPSUM COMPANY.

4-9166                                      229 S. W. 2d 671

Opinion delivered May 8, 1950.

Rehearing denied June 5, 1950.

K. T. *Sutton* and *Grover N. McCormick,* for appellant.

*Cracraft & Cracraft,* for appellee.

GEORGE ROSE SMITH, J. This is a bill in equity brought by the appellee to enjoin the appellants from trespassing and cutting timber on lands to which the appellee holds the record title. The appellants disputed the appellee's ownership and introduced testimony to show that they have acquired title by adverse possession. The chancellor ruled against the appellants on the issue of adverse possession and permanently enjoined them from entering the property.

In its brief in this court the appellee contends that the oral evidence heard below was not properly preserved and cannot be considered by us in the determination of the case. With much reluctance we have concluded that this contention must be sustained, so that we may examine only the face of the record in our review of the chancellor's decree.

At the beginning of the trial the court directed the reporter to take down the testimony, transcribe it, and file it as depositions. The decree contains a recital that when the transcribed testimony has been filed under the certificate of the official court reporter for the Fifth Chancery District it shall become a part of the record in the case. Apparently this method of preserving the testimony was suggested by opinions such as that in *McGraw v. Berry*, 152 Ark. 452, 238 S. W. 618, where we stressed the necessity for the court's giving his instructions to the reporter at the beginning of the trial rather than in the decree alone.

·In the present case, however, the difficulty lies in the fact that the procedure in the Fifth District has been changed by Act 269 of 1949, which became effective before the trial below. That Act authorizes the appointment of an official court reporter for this District and explicitly states that his transcription of the testimony, "when approved by the court," shall be inserted in the transcript for an appeal to this court. Section 3 of the Act reads in part: "In cases of appeal to the Supreme Court, the transcribed notes of the stenographer *shall be* treated as a bill of exceptions or as depositions in the case *until* the same is approved by the Chancellor trying the case and such approval must be given during the term or within the time fixed for such approval by the court."

We have italicized three words merely to show that there is an obvious omission or typographical error in the wording of the Act. The legislature evidently meant that the transcribed notes shall *not* be (instead of "shall be") treated as a bill of exceptions or as depositions until approved by the chancellor, or perhaps that they shall be so treated *when* (instead of "until") approved by him. When a word in a statute is omitted or misused it is the duty of the courts to disregard the error if the context plainly indicates the legislative intent. *State ex rel Atty. Gen.* v. *Chicago Mill & Lbr. Co.*, 184 Ark. 1011, 45 S. W. 2d 26. Act 269 contains more than one reference to the court's approval of the reported testimony, and the very sentence that contains the error

fixes the time within which the approval must be given. In view of this context we cannot refuse to give effect to what the legislature unquestionably intended.

It is easy to understand how natural it was for the attorneys in this case to follow the pre-existing procedure. It has been pointed out, however, that the practice in each chancery district is governed by a special statute as to the preservation of oral testimony, and litigants must be guided by the act that applies to the particular district. Stevenson, Supreme Court Procedure (1948), pp. 61-65. In some districts the chancellor need not approve the reporter's transcription, but in other districts such approval is essential. By Act 269 of 1949 the Fifth District has been put in the latter category.

In this case at the beginning of the trial the chancellor directed the reporter to transcribe the testimony and file it as depositions. Act 269 permits the chancellor to approve the testimony during the term or within the time fixed by him for such approval. We think his directions to the reporter were sufficient to reserve the power to approve the testimony after the expiration of the term. In this respect the case is very similar to *McCall v. McCall,* 204 Ark. 836, 165 S. W. 2d 255, where the bill of exceptions was objected to because the chancellor had not approved it during the term. It appeared, however, that the parties had stipulated that when the stenographer completed the transcription it would be submitted to the chancellor, ''and when so approved by the chancellor, filed as depositions and as a part of the record in this case.'' In holding that this stipulation sufficiently saved the court's power to approve after the lapse of the term we said: ''The agreement was unrestricted and should be liberally construed in the interest of justice.'' In the present case the court's direction to the reporter was unrestricted, and in the interest of justice we construe it as reserving the power to approve the reported testimony after the expiration of the term. But the trouble here is that the report of the testimony heard below has not yet been approved by the chancellor, and

under our Rule 5(d) the time for filing transcribed testimony has expired. We are therefore unable to take this evidence into account in reaching our decision.

On the face of the record there is no error. The only suggestion made by the appellants in this connection is that the cause should have been transferred to law, since the plaintiff below was not in possession of the land when the suit was filed. But the complaint asserted that the defendants were insolvent and were cutting timber upon the plaintiff's land, and that is enough to confer jurisdiction in equity. *Myers* v. *Hawkins,* 67 Ark. 413, 56 S. W. 640.

Affirmed.