MARION COUNTY RURAL SCHOOL
DISTRICT NO. 1 *v.* George F. POLK et al

80-40                                          596 S.W. 2d 700
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Adams, Covington & Younes,* by: *Donald J. Adams,* for appellant.

*Logan & Gresham,* for appellees.

FRANK HOLT, Justice: The Lead Hill School District No. 4 of Boone County has included since 1929 some land situated in the adjoining Marion County Rural School District No. 1, the appellant. This action resulted when the Marion County Tax assessor changed the assessment of these lands from the appellees' district to the appellant school district. The appellees, the Board of Directors of the Lead Hill School District and other interested parties, sought a determinations as to whether the land in question was properly a part of the Lead Hill School District. They also asked for a writ of mandamus ordering the Marion County assessor to assess the land in the Lead Hill School District. The court granted appellees' motion for summary judgment. The appellant's sole contention for reversal is that the court erred because Ark. Stat. Ann. § 80-426 (Repl. 1960) (Initiated Act 1 of 1948) limits school districts created by the act to territory within a single county.

§ 80-426 provides in pertinent part:

On June 1, 1949, there is hereby created in each county a new school district which shall be composed of the territory of all school districts administered in the county which had less than 350 enumerated on March 1, 1949, as reflected by the 1948 school enumeration.

A summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Ark. Stat. Ann. Vol. 3A, Rules of Civ. Pro., Rule 56(c) (Repl. 1979). Here the verified motion for summary judgment, affidavit and exhibits reflect these uncontroverted facts: (1) the land in question was part of the Lead Hill School District on and prior to June 1, 1949; (2) the district had less than 350 (school children) enumerated on March 1, 1949, as reflected by the 1948 school enumeration; (3) the land was administered in the Boone County School District on and prior to June 1, 1949; and (4) the land was included within the Boone County School District by a 1949 order of the Boone County School Board pursuant to the terms of the recited School District Reorganization Act.

It appears the only issue presented is a matter of law; i.e., the interpretation of the statute. Appellant points out that the act provides "the territory . . . administered in the county . . . " The thrust of its argument is that the words "in the county" are words of "limitation." We have often held that the words of a statute must be given their plain and ordinary meaning. *City of North Little Rock* v. *Montgomery,* 261 Ark. 16, 546 S.W. 2d 154 (1977); and *Call* v. *Wharton,* 204 Ark. 544, 162 S.W. 2d 916 (1942). It is clear that the legislature, by choosing the phrase "administered in the county," intended that school districts, as here, be composed of land or territory of a district *adminstered* rather than being restricted to an area *located* within the county. The court correctly granted summary judgment in favor of appellees.

Affirmed.