Norma Jean ROWELL et al *v.* Alvin AUSTIN et al

82-78                                    637 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,* by: *Sam Hilburn* and *Joseph H. Purvis,* for appellants.

*Givens & Buzbee,* by: *Art Givens,* for appellees.

JOHN I. PURTLE, Justice. The Pulaski County Circuit Court reversed the Alcoholic Beverage Control Board's decision granting on-premise permits for the appellants. The trial court remanded the case to the ABC with directions to construe Ark. Stat. Ann. § 48-345 (Repl. 1977) in a manner to prevent the board from approving on-premise permits for the appellants. Appellants argue on appeal that the trial court erred in basing its decision on Ark. Stat. Ann. § 48-345 and ABC regulation 1.32 (6) (a) and further argue that the decision of the board was supported by substantial evidence. We agree with the appellants that the trial court erred in its order directing the board to reverse its prior decision.

On December 19, 1980, the appellants applied for permits to sell on premises alcoholic beverages at an establishment known as Shorty Small's Bar & Grill. Shorty Small's fronts onto Rodney Parham Road and on the property just to the east, across Shackleford Road, lies the Pleasant Valley Church of Christ, also abutting on Rodney Parham Road. Shackleford Road is 43 feet wide at this point.

On April 15, 1981, the on premises consumption permits were granted. On May 13, 1981, the appellees filed a petition in Pulaski Circuit Court seeking a review of the final order of the ABC Board. Judgment was rendered by the

circuit court on September 1, 1981, without considering anything except the record submitted before the ABC Board involving the hearing concerning these permits. A remand order was issued by the court stating in effect the matter was being returned to the board for a determination of Ark. Stat. Ann. § 48-345 and ABC regulation 1.32 in accordance with the construction given by the court. No specific instructions were included in the order. The appellants appeal from this order. On October 30, 1981, the appellants filed notice of appeal to the Arkansas Court of Appeals. The appellees filed a motion, January 8, 1982, to dismiss the appellants' appeal stating such appeal was untimely. After a response by the appellants the Arkansas Court of Appeals denied appellees' motion to dismiss. The Court of Appeals subsequently certified the case to us pursuant to Rule 29.

The facts in this case are not in issue. There is no dispute about the type of permits which appellants sought and were granted. During oral arguments both parties agreed that ABC regulation section 1.32 (6) is the regulation controlling the subject of this dispute. This regulation reads as follows:

> *"Permit not to be issued to premises which is less than 200 yards from church or schoolhouse.* No permit for the sale of alcoholic beverages shall be issued, nor shall any existing permit be transferred, to any location within two hundred (200) yards of any church or schoolhouse. However, since the intent of this regulation is to provide protection to churches and schools and to insulate them from alcoholic beverage outlets, the Alcoholic Beverage Control Department may issue permits, with the exception of retail liquor permits, within two hundred (200) yards of a church or schoolhouse upon receipt of a written waiver from managing officials of any church or school which is situated within the above area of prohibition. *In determining such distance, the measurement shall be made from the main entrance of the church or schoolhouse to the main entrance of the building of the premises sought to be permitted, measured by the shortest public thoroughfare.* (Emphasis supplied.)"

It was not argued in the circuit court nor before the board that this regulation was unconstitutional. Therefore, the question relating to this regulation is simply one of construction. The ABC Board has been granted regulatory power by the Arkansas General Assembly. The critical language in this regulation is the last sentence which provides that the distance shall be measured from the main entrance of the church or schoolhouse to the main entrance of the building which houses the premises under consideration for a permit. It further states that the distance shall be measured by the shortest public thoroughfare. In the present case the appellants have designated their south door, the one farthest from the church, as their main entrance, having closed an entrance on the east end of the building. The parties agreed that the distance from this southern entrance traversing the area of the nearest thoroughfare to the main entrance of the existing church building was 648 feet. Therefore, the distance is beyond that required by the regulation.

In the case of *Jones* v. *Reed,* 267 Ark. 237, 590 S.W.2d 6 (1979), we considered Ark. Stat. Ann. § 48-309 (Repl. 1977) and held that it defined the retail liquor business as used in relation to churches and schools. We quoted Ark. Stat. Ann. § 48-309 which is headed "Retailers permit," the concluding sentence of which states, "All such sales shall be in unbroken packages and the same shall not be opened or the contents or any part consumed on the premises where purchased." We now affirm the definition of the retail liquor permit as we determined it to be in *Jones* v. *Reed.*

The language of Ark. Stat. Ann. § 48-345 is obviously applicable to the retail liquor business and complements Ark. Stat. Ann. § 48-309. When the two statutes are read together it is obvious that the legislature intended to prevent retail "package" stores from operating within 200 yards of a school or church building.

The authority for all types of sales of alcoholic beverages is derived from "The Arkansas Alcoholic Control Act" (Act 108 of 1935, as amended, codified at Ark. Stat. Ann. § 48-101 et seq. [Repl. 1977]). This statute defines the terms

used in the rules and regulations concerning alcoholic beverages. The enforcement of the provisions of the act were left to the Department of Alcoholic Beverage control (then Commissioner of Revenues). Ark. Stat. Ann. § 48-203 (Repl. 1977) is the statute granting the powers, functions and duties of the department. The first grant is to allow them to grant and revoke for cause permits issued under the provision of the acts. The third grant gives the commission the power to adopt rules and regulations for the supervision and control of the manufacture and sale of alcoholic beverages (except wine) throughout the state so long as such rules and regulations are consistent with the law. Pursuant to this authority the board enacted section 1.32 (6) of their regulations. As previously stated, this provision simply provides that the measurements shall be made between the main entrance of the church and the main entrance of the bar by the shortest public thoroughfare. Under this definition the distance is 648 feet.

Review of decisions by the Alcoholic Beverage Control Board is governed by Ark. Stat. Ann. § 5-713 (Supp. 1981). The circuit court reviews the record established by the board in making its decision. The court is empowered to take testimony in the event of alleged irregularities and may hear oral arguments and receive written briefs. However, in the present case the matter was considered upon remand without additional evidence. The court must either affirm the decision of the agency or remand the case for further proceedings. The court is allowed to reverse or modify the decision if it is found that substantial rights of the petitioner have been prejudiced because of administrative actions. The grounds for such action by the trial court are if the board decision is: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedures; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion. Apparently, the trial court thought the order of the board violated the first provision enumerated above. We do not agree. A proper administrative regulation has the same force and effect as a statute enacted by the legislature and is considered valid. The words in such regulations are

given their plain and ordinary meaning unless there is ambiguity. *Marion County Rural School District No. 1* v. *Polk,* 268 Ark. 354, 596 S.W.2d 700 (1980). The Administrative Procedures Act provides for judicial review of adjudications by boards and commissions. We have previously stated that in a review of the actions of administrative boards or agencies the circuit court is limited to whether there was substantial evidence to support the action taken and our review upon appeal is similarly limited. *Bank of Yellville* v. *First American S & L Ass'n.,* 276 Ark. 292, 634 S.W.2d 122 (1982). We think there is substantial evidence to support the decision of the board, and there is substantial evidence to support its decision on appeal. Therefore, the case is remanded with instructions for the trial court to withdraw its order directing the board to reconsider this matter and to enter an order affirming the action taken by the board.

Reversed and remanded.