The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion concerning Amendment 70, which, among other things, sets the salary of the officials of the Executive Department of state government. Specifically, you indicate that a typographical error occurred in setting the salary of the State Treasurer. The text of the amendment sets the salary at $37,000, and the ballot title sets the salary at $37,500. You have asked, relative to these facts:
 Whether the ballot title approved by the voters controls the salary to be paid the State Treasurer or whether the body of the amendment controls?
This amendment to the Arkansas Constitution was proposed by House Joint Resolution 1018. It is evident, in my opinion, from a review of the legislative history of this resolution, that the proper salary figure for the State Treasurer is $37,500, and that the $37,000 figure stated in the text of the measure is a typographical error. In response to your specific question, the text of the amendment controls rather than the ballot title, but in this instance the text should and would, in my opinion, be construed by a court to read $37,500.
As originally proposed, HJR 1018 abolished the Office of State Treasurer, along with the Lieutenant Governor's office, and Auditor of State's office. As engrossed March 1, 1991, however, the resolution set the salaries of each of the executive officers of state government. This version of the 200 Tower Building, 323 Center Street — Little Rock, Arkansas 72201-2610 resolution, in both the text of the measure, and the ballot title set out in the resolution, set the State Treasurer's salary at $37,500. As engrossed March 12, 1991, however, the resolution, in the text of the measure, set the Treasurer's salary at $37,000, and in the ballot title proposed in the resolution, at $37,500. This same inconsistency made its way into the final version of HJR 1018, last engrossed on March 26, 1991. Thus in the HJR that led to the ultimate enactment of Amendment 70, an internal inconsistency is evident. The text of the measure proposed the salary at $37,000 and the ballot title set out in the same resolution set the salary at $37,500.
It has been stated that constitutional provisions are construed in the same manner as statutes (McElroy v. Grisham306 Ark. 4, 810 S.W.2d 933 (1991)), and that the rules of statutoryconstruction apply to constitutional amendments. McDonald v.Bowen, 250 Ark. 1049, 468 S.W. 2d 765 (1971). Such rules of statutory construction dictate that when a word in a statute is omitted or misused, it is the duty of the courts to disregard the error if the context plainly indicates the legislative intent.Johnson v. U.S. Gypsum Co., 217 Ark. 264, 229 S.W.2d 671
(1950). It has also been stated that the court may in construing a statute reconcile two conflicting descriptions by striking out words in one so as to conform to the other. Heinemann v.Sweatt, 130 Ark. 70, 196 S.W. 931 (1917). See also Murphy v.Cook, 202 Ark. 1069, 155 S.W.2d 330 (1941) (holding that where intent was obvious, court would substitute 50,000 for 40,000, as the latter figure was merely a typographical error). Seealso, Sutherland, Statutory Construction, § 47.37 (5th Ed). Finally, it has been stated that although a ballot title of a constitutional amendment is not part of the measure, it can be used to shed light on the legislative intent where the amendment is ambiguous. Miller v. Leathers, 311 Ark. 372, 843 S.W.2d 850
(1992).
For all the foregoing reasons it is my opinion that a court, if faced with the question, would conclude that the $37,000 figure found in the text of Amendment 70 is a typographical error which should read $37,500.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh