The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, AR 72758-0116
Dear Senator Bisbee:
This letter is in response to your request for my opinion on the legal effect of a recent amendment to the Probate Code dealing with distribution without administration. Act 992 of 1999, subsequently codified in A.C.A. § 28-41-101, reduced the time limit for making claims against a qualifying small estate. Specifically, the Act declared that such claims must be asserted "within six (6) three (3) months from the date of the first publication of the notice. . . ." A.C.A. §28-41-101(b)(2)(B)(iv) (Supp. 1999). However, A.C.A. § 28-41-102(b)(2) provides that if public notice has been given, "all claims as to real property within the estate shall, in any event, be forever barred at the end of six (6) months after the date of the first publication of the first notice." These statutes have prompted you to pose the following questions:
 Are A.C.A. § 28-41-101 and A.C.A. § 28-41-102 in conflict regarding the post-publication time limit to assert claims against a small estate?
 Does Act 992 of 1999 create a bar to claims against small estates three months after publication, or does the six-month limit set forth in A.C.A. § 28-41-102 control?
 If the time limit set forth in A.C.A. § 28-41-102 controls, does it apply to claims against both personal and real property?
 If notice of a three-month limit is published pursuant to A.C.A. § 28-41-101, has the publisher violated creditors' rights to fair and accurate notice?
RESPONSE
With respect to your first question, in my opinion the two statutes are clearly in conflict, declaring two different time limits as applicable under identical circumstances. With respect to your second question, applying standard principles of statutory construction, I believe the three-month limit set forth in A.C.A. § 28-41-101 controls. With respect to your third question, based on the unambiguous statutory language, it is my opinion that the six-month limit set forth in A.C.A. § 28-41-102
can be read as applying only to claims against real estate, although I further believe this provision was superseded by the time limit set forth in A.C.A. § 28-41-101. With respect to your final question, based upon my conclusion that the statute setting forth the six-month limit has been superseded, it is my opinion that publication of the three-month limit would not violate any creditor's rights.
DISCUSSION
Whenever possible, legislative intent must be gathered from the plain meaning of the language used. Roy v. Farmers Merchants, Ins. Co.,307 Ark. 213, 819 S.W.2d 2 (1991). Moreover, when the will of the General Assembly is clearly expressed, the courts are required to adhere to it without regard to the consequences. Hatcher v. Hatcher, 265 Ark. 681,580 S.W.2d 475 (1979). Additionally, the Supreme Court has no authority to construe a statute that is plain and unambiguous to mean anything other than what it says, Townsend v. State, 292 Ark. 157, 728 S.W.2d 516
(1987); and in such instances the court is primarily concerned with what the document says, not with what its drafters may have intended, Mourotv. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502
(1985).
A brief review of the statutes at issue should provide some context for this discussion. A.C.A. § 28-41-101 sets forth a procedure whereby the distributee of an estate can avoid the appointment of a personal representative if the estate is valued at $50,000 or less after deduction of encumbrances and excluding homestead and statutory allowance interests. The statute obligates the distributee to file with the probate clerk an affidavit attesting that there are no unpaid claims, itemizing and valuing personal and real property, identifying those in possession of such property, and identifying those entitled to receive the property. Any debtor to the estate or custodian of estate property is to be provided a certified copy of the affidavit.
Subsection 2(A) imposes a further procedural requirement of published notice in the event the estate contains any real estate. Subsection 2(B), which is the subject of your request, details the required contents of the notice, including the following:
 (iv) A statement requiring all persons having claims against the estate to exhibit them, properly verified, within three (3) months from the date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate. . . .
A.C.A. § 28-41-102, which was not amended in 1999, is captioned "payment, transfers, or deliveries pursuant to affidavit." As the name suggests, this statute sets forth the mechanics and consequences of distribution once debtors and/or proposed distributors have received the notice dictated in the immediately preceding statute. The pertinent subsections of this statute provide as follows:
 (a) The person making payment, transfer, or delivery pursuant to the affidavit described in § 28-41-101 shall be released to the same extent as if made to a personal representative of the decedent, and he shall not be required to see to the application thereof or to inquire into the truth of any statement in the affidavit.
 (b)(1) The distributee to whom payment, transfer, or delivery is made, as trustee, shall be answerable to any person having a prior right and shall be accountable to any personal representative thereafter appointed.
 (2) However, if notice to creditors of the decedent's death and the collection of his or her estate is published as provided by § 28-41-101, all claims as to real property within the estate shall, in any event, be forever barred at the end of six (6) months after the date of the first publication of the first notice.
Subsection (a) of this statute provides that anyone conveying payment or property in accordance with the terms of the affidavit will be released from any future exposure. Subsection (b) provides that a distributee receiving payment or property in accordance with the terms of the affidavit will remain answerable as a trustee to anyone having a prior right in the money or property. Neither of these subsections specifies whether the subject property is personal or real, and I have no reason to conclude that these subsections apply to anything less than all property.
However, subsection (2), by its express terms, applies only to "claims as to real property within the estate." In this respect, its focus is precisely the same as that of A.C.A. § 28-41-101(b)(2). Simply put, the first statute obligates the distributee to publish notice if, and only if, the estate contains real property; the immediately following statute simply provides that if such notice is published, any claims against real property in the estate will be time-barred six months after first publication.
The problem, of course, is that the six-month time bar set forth at A.C.A. § 28-41-102(b)(2) directly conflicts with the three-month time bar set forth at A.C.A. § 28-41-101(b)(2)(B)(4), both of which purport to be applicable to claims made against real property in a suitably small estate. In my opinion, these conflicting provisions cannot be reconciled by recourse to the plain meaning of their provisions, leaving open the question of which one should be given effect.
It is an accepted rule of statutory construction that when a word in a statute is omitted or misused, it is the duty of the courts to disregard the error if the context plainly indicates the legislative intent.Johnson v. U.S. Gypsum Co., 217 Ark. 264, 229 S.W.2d 671 (1950). It has also been stated that the court, in construing a statute, may reconcile two conflicting descriptions by striking out words in one so as to conform to the other. Heinemann v. Sweatt, 130 Ark. 70, 196 S.W. 931
(1917). See also Murphy v. Cook, 202 Ark. 1069, 155 S.W.2d 330 (1941) (holding that where intent was obvious, court would substitute 50,000 for 40,000, as the latter figure was merely a typographical error). Seealso, Sutherland, Statutory Construction § 47.37 (5th ed.).
In the present case, the legislature's intent to shorten the claims period from six months to three months seems self-evident from the fact that they did precisely that by adopting Act 992 of 1999. In my opinion, the legislature's failure to incorporate that change into previously enacted companion legislation dealing with the exact same issue can only be characterized as an oversight, particularly in light of the fact that Section 4 of Act 992 expressly declares: "All laws and parts of laws in conflict with this act are hereby repealed." Accordingly, I have concluded that three months is the applicable time period and that reciting that limit in a required statutory notice would be fully appropriate.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh