Mr. Steve Franks, Director Arkansas Department of Workforce Education 409 Shall Street Little Rock, AR 72202-2729
Dear Mr. Franks:
I am writing in response to your request for my opinion on the following question:
 Does a person who works at the occupation of plumber in Arkansas have to complete an apprenticeship training program in order to take the journeyman plumber examination?
Your request arises from a conflict of legal interpretation between the State Plumbing Apprentice Committee ("SPAC") and the State Committee of Plumbing Examiners ("SCPE"). You report that the SPAC has adopted the position that a plumber must complete a registered apprenticeship before being eligible to take the journeyman plumber examination, whereas the SCPE is allowing individuals to take the examination without completing a formal apprenticeship.
RESPONSE
In my opinion, although the law on this issue would benefit by clarification, an applicant for the journeyman plumber examination must have completed a registered apprenticeship or, in exceptional cases, its equivalent as determined by the SPAC.
Subsection 17-38-102(a) (Supp. 1999) of the Arkansas Code defines as a criminal offense engaging in the profession of plumbing in any capacity, including on a temporary basis, without first having obtained the required license or permit.[1] In my opinion, this statute clearly means that all contracts for "plumbing," as that term is defined at A.C.A. § 17-38-101(7), must be undertaken only by licensed professionals, subject only to certain exemptions listed at A.C.A. §17-38-302. This emphasis on having only formally acknowledged professionals of proven experience undertake plumbing is further reflected in Section VII of the Rules and Regulations Pertaining to Apprentice Plumbers Registration, which strictly controls the permissible ratio of apprentice to journeyman and master plumbers on any given job.
Subsection 17-38-304(d)(2) of the Code further provides that "[a]n applicant for the journeyman plumber examination shall have a minimum of four (4) years of plumbing experience." This four-year term corresponds exactly to the minimum term of apprenticeship set forth at Section V(f) of the Rules and Regulations Pertaining to Apprentice Plumbers Registration.
Subsection 17-38-304(i) of the Code provides: "The Committee of Plumbing Examiners shall consider an apprentice plumber for the journeyman plumber examination provided the apprentice plumber has successfully completed the training as defined under the plumber apprenticeship regulations." However, A.C.A. § 17-38-304(f) clearly establishes that a full-term, formal apprenticeship is not an invariable condition precedent to one's applying to become a journeyman plumber:
 The Committee of Plumbing Examiners shall approve an applicant for examination who is not currently licensed in another state or its political subdivision or who has no plumber licensing background, provided the applicant shows proof of experience as a plumber in accordance with subsection (d) of this section. The proof of experience may be in the form of records, affidavits, or bona fide evidence from licensing agencies, former employers, or from persons who can attest to the applicant's work background as a plumber.
Read in isolation, this statute appears not only to permit but to require the SCPE to approve an applicant for examination as a journeyman plumber even if he has never been licensed before, so long as he provides proof of the requisite experience as a plumber. The question, then, is whether A.C.A. §§ 17-38-304(f) and (i) conflict. As discussed below, I believe that while a strong tension exists between the two, this tension might be resolved by considering the statutory and regulatory scheme as a whole.
The overarching authority to regulate plumbing lies with the Board of Health pursuant to A.C.A. § 17-38-201(a)(2).[2] Subsection (a)(3) of the statute authorizes the board "[t]o prescribe rules and regulations as to the qualifications, examination, and licensing of master and journeyman plumbers and for the registration of apprentice plumbers." In Amendment No. 3 to the Arkansas State Plumbing Code, Section II, Appendix 6, Section 14(C), the Board of Health broadly defines "apprentice plumber" as "any person other than a Journeyman or Master Plumber who is engaged in learning and assisting in the installation of plumbing and drainage."[3] Significantly, this definition focuses not on the fact of registration but rather on the nature of the activities undertaken as the determinant of whether one is an "apprentice plumber." Section 14(D) provides for the establishment of Local Plumbing Apprenticeship Committees to oversee the training of apprentices. Section 14(E), captioned "Registration of Apprentice Plumber," provides as follows:
 To establish a record of his/her Apprenticeship, every Apprentice Plumber shall within thirty days after indenture with the local committee be registered with the Arkansas State Board of Health, Plumbing and Natural Gas Control Section. It is the responsibility of the Master Plumber to require his Apprentices to register with the Local Committee. The Committee of Plumbing Examiners shall place a reprimand on a Master Plumber's license for working an Apprentice for over thirty days without being so registered. In the absence of an established Local Apprenticeship Committee, a Plumbing Apprentice shall register directly with the State Plumbing Apprenticeship Committee; the Apprentice shall be automatically transferred to its jurisdiction by the State Apprenticeship Committee.
These regulations impose a requirement that individuals engaged in "learning and assisting in the installation of plumbing and drainage" be duly registered and subject to regulatory oversight by the SPAC.
What, then, of the language in A.C.A. § 17-38-304(f) directing the CPE to approve an applicant for the journeyman examination upon proof of experience regardless of previous registration? This question is addressed, if not fully resolved, in Section 14(H) of Amendment No. 3, which provides:
Credit for Previous Experience
 An applicant [for apprenticeship] may request credit for previous experience. The applicant must submit a request at the time of application and within a six-month period of time from date of application furnish records, affidavits, or bona fide evidence as may be required to substantiate the claim. This time shall be evaluated by the Local Plumbing Apprenticeship Committee if in existence. In the absence of the Local Committee, credit is to be evaluated and granted by the State Committee.
The reference to "records, affidavits, or bona fide evidence" of previous experience tracks verbatim the language of A.C.A. § 17-38-304(f), suggesting that the Department of Health considered this regulation the fulfillment of the statutory requirement of proof of experience. Section 14(P) of Amendment 3 to the Plumbing Code, captioned" Work Experience," further provides in pertinent part:
 It is clearly understood that it is the policy of the State Board of Health, Committee of Plumbing Examiners and the State Plumbing Apprenticeship that all persons granted permission to take the examination for the State Journeyman License shall have completed a form of Apprenticeship, either by formal indenture (on-job-training and related classroom instruction) or State Apprenticeship Committee approved correspondence type training in lieu of classroom work only.
 Any deviation from this policy shall require that the State Apprenticeship Committee release such person for examination by declaring that it (the State Apprenticeship Committee) has determined that such person has in fact obtained training equal to or exceeding the requirement of a formal Apprenticeship as herein provided for.
(Emphasis in original.) To my mind, these provisions verge on flatly contradicting those of A.C.A. §§ 17-38-304(d) and (f) on a matter totally apart from the question of whether the SPAC or the SCPE may determine who is qualified to apply for a journeyman's license. In the first recited paragraph of Section 14(P) of Amendment 3, the Board of Health bluntly declares that an applicant for journeyman plumber must either have served as a registered apprentice, undergoing both the designated on-the-job training and classroom instruction, or have documented both the requisite experience and the equivalent of designated classroom instruction in the form of "approved correspondence type training." The second paragraph of Section 14(P) provides that any deviation from these alternative prerequisites must be approved by the State Apprenticeship Committee, and only then upon a showing that the proposed applicant has obtained training — presumably both practical and academic — commensurate with or exceeding that of a formal apprenticeship. By contrast, A.C.A. §§17-38-304(d) and (f) suggest that four years of practical experience will in itself dictate that a proposed candidate for a journeyman's license be permitted to apply, regardless of what body grants that permission. I believe this tension should be resolved by legislative action.
In my opinion, the foregoing statutes and regulations clearly indicate that any person seeking to take the examination for a journeyman plumber's license must first have been registered and licensed as an apprentice plumber by the SPAC. Moreover, I believe the determination whether an individual has had sufficient previous experience to be relieved of some or all of the formal requirements of apprenticeship is the SPAC's to make. This conclusion is in all respects consistent with Section 14(R) of Amendment 3 to the Plumbing Code, which provides:
Authority
 All authority pertaining to plumbing and plumbing Apprenticeship Training within the state is vested in the State Board of Health. The State Board of Health delegates the administration of such authority as follows:
 (1) The license and examination of all Apprentices to become licensed Journeyman Plumbers is vested in the State Committee of Plumbing Examiners.
 (2) The training and training administration is hereby vested in the State Apprenticeship Committee.
In accordance with this delegation of responsibilities, I believe the SPAC is charged both with enforcing the training standards for apprentices and determining when those standards have been met in any particular instance. Any other conclusion would be inconsistent with the principle that the SPAC is empowered to "release" an apprentice to take the journeyman plumbing exam, as discussed in Section 14(P) of Amendment 3. By contrast, the SPCE is charged with testing and licensing journeyman plumbers once they have been released as apprentices.
Having offered this opinion, I must admit that A.C.A. § 17-38-304(f) is sufficiently misleading that it invites precisely the mistaken reading I believe the SCPE has given it. Subsection (f) of the statute never acknowledges directly that the SPAC, not the SCPE, must make the determination whether a candidate's proof of experience will suffice to make him eligible to take the journeyman's examination. Subsection (f) further fails to acknowledge that this determination must be made in the course of administering an obligatory apprenticeship program that the candidate must satisfy like any other apprentice, albeit perhaps by means of a credit for experience. This latter point is only made clear in subsection (i), which bluntly states that completing an apprenticeship is required before taking the journeyman's examination. The problem with subsection (f) arises from its directive that the SPCE approve an application "provided the applicant shows proof of experience as a plumber in accordance with subsection (d) of this section." This directive is misleading in two respects. First, it strongly suggests that the proof should be offered as part of the application to the SCPE, not as part of an obligatory apprenticeship program established by the SPAC. Second, subsection (d) sets forth only a requirement of four years' experience, not the rigorous set of requirements set forth in the apprenticeship regulations. Only when one reads subsection (i) does it become clear that one cannot avoid serving an apprenticeship merely by submitting a documented application to the SCPE. In my opinion, the tension among these various subsections invites precisely the type of agency conflict of interpretations that gave rise to your request.
It is difficult to resolve this tension by recourse to standard principles of statutory construction. I have based the above analysis largely on applicable regulations that by statute "have the effect and force of law in the form of minimum standards statewide in application." A.C.A. § 17-38-103. As the Supreme Court noted in Rowell v. Austin,276 Ark. 445, 449-50, 637 S.W.2d 531 (1982):
 A proper administrative regulation has the same force and effect as a statute enacted by the legislature and is considered valid. The words in such regulations are given their plain and ordinary meaning unless there is ambiguity. Marion County Rural School District No. 1 v. Polk, 268 Ark. 354, 596 S.W.2d 700 (1980).
Moreover, as the Court noted in Southwestern Bell Telephone Company v.Arkansas Public Service Commission, 69 Ark. App. 323, 333, 13 S.W.3d 197
(2000):
 In determining the intent of the legislature, the court must look at the whole act and, as far as practicable, give effect to every part, reconciling provisions to make them consistent, harmonious, and sensible. Brandon v. Arkansas Pub. Serv. Comm'n, 67 Ark. App. 140, 992 S.W.2d 834 (1999). This court not only looks at the language of the statute but also its subject matter, the object to be accomplished by the statute, the purpose to be served, and other appropriate matters. Id.
It is further an accepted rule of statutory construction that when a word in a statute is omitted or misused, it is the duty of the courts to disregard the error if the context plainly indicates the legislative intent. Johnson v. U.S. Gypsum Co., 217 Ark. 264, 229 S.W.2d 671 (1950). In construing a statute, a court may also reconcile two conflicting descriptions by striking out words in one so as to conform to the other.Heinemann v. Sweatt, 130 Ark. 70, 196 S.W. 931 (1917); accord Murphy v.Cook, 202 Ark. 1069, 155 S.W.2d 330 (1941) (holding that where intent was obvious, court would substitute 50,000 for 40,000); see also,
Sutherland, Statutory Construction, 47.37 (5th ed.).
In the present case, the regulations clearly dictate that the SPAC determine an individual's eligibility to take the journeyman exam. Although A.C.A. § 17-38-304(f) might be read as stating a different conclusion, instead vesting this responsibility in the SCPE, I believe the statutory language, when read in context, stops just short of compelling this conclusion. Subsection (i) of the statute clearly indicates that anyone applying to take the journeyman exam must have completed an apprenticeship" as defined under the plumber apprenticeship regulations." Given this unambiguous statement of legislative intent, I believe subsection (f) should be read as merely acknowledging an apprentice's entitlement to credit for previous experience. In my opinion, to read subsection (f) more liberally would be inconsistent in spirit with the rigorous rules regarding the training of apprentices set forth both in Amendment 3 and in the Rules and Regulations Pertaining to Apprentice Plumbers Registration. Having offered this opinion, I must repeat that I consider the statute extremely confusing and encourage the legislature to clarify its intentions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] However, as reflected in the attached Ark. Op. Att'y Gen. No.2000-330, this rule does not prohibit a licensed plumber from engaging certain unlicensed assistants so long as the plumber exercises supervision and control over the work. For instance, Section III(m) of the Arkansas State Board of Workforce Education's Rules and Regulations Pertaining to Apprentice Plumbers Registration defines an unlicensed category of "laborer" — i.e., "any person engaged in trenching, transporting supplies, demolition, etc., whose primary function is physical in nature."
[2] By Amendment 412 of 1991, the legislature conveyed direct control of the apprentice plumber program to the State Board of Vocational Education, authorizing it "[t]o adopt rules and regulations as to the qualifications, training, and supervision of apprentice plumbers subject to the approval of the Department of Health." A.C.A. §§ 17-38-401(2) and 402(2). The board is further empowered to establish the roles and duties of the State Apprenticeship Committee and the various local apprenticeship committees. A.C.A. § 17-38-402(3).
[3] Section 17-38-101(1) of the Code echoes this definition but further provides that an apprentice plumber be "enrolled in a state-approved apprentice program." As discussed below, I interpret this additional element as a requirement imposed on apprentice plumbers as a condition of conducting their activities.