The Honorable Kathy Webb State Representative Post Office Box 251018 Little Rock, Arkansas 72225-1018
Dear Representative Webb:
I am writing in response to your request for my opinion on two questions relating to a section of Capitol Zoning District Ordinance § 2-105C5 (the "Ordinance"), which provides as follows:
 Variances — The Commission may sit as a board of zoning adjustment and, as such, may grant relief from the literal provisions of this Ordinance or Master Plan when it is demonstrated to the Commission's satisfaction that (i) physical or topographical conditions unique to the land, which were not created or intensified by the applicant or a previous owner, cause an extreme hardship if the literal requirements of the ordinance are imposed upon the land's development, as contemplated by Arkansas statutes; (ii) the variance will further the goals of the District; (iii) the result of the variance will be consistent with the Master Plan; and (iv) may, in applicable instances, contribute to the preservation of an existing structure.
(Emphases supplied in your request.)
Your questions are the following:
 1. Must the Commission make and articulate in its record its specific findings of the facts that it determines to have been *Page 2 
demonstrated to its satisfaction that constitute the conditions stated in items No.'s i — iii, and iv, when applicable, in the above section?
 2. By the conjunction "and" preceding item No. iv, is the commission required to determine that the conditions in each item — i, ii, iii, and when applicable item iv — have been satisfied to its satisfaction before it can approve a variance pursuant to this section of the Ordinance?
RESPONSE
For the reasons set forth immediately below, I believe the answer to both of your questions is "yes," subject to the condition that a reviewing court will not reverse an agency decision based upon a board's failure to "make and articulate in its record its specific findings of the facts," instead remanding the case in order to allow the board to comply with the requirement and thus enable a meaningful review.
Question 1: Must the Commission make and articulate in itsrecord its specific findings of the facts that it determines to havebeen demonstrated to its satisfaction that constitute the conditionsstated in items No.'s i — iii, and iv, when applicable, in the abovesection?
In my opinion, the answer to this question is "yes," although the factual record on appeal to the circuit court will be the same even if the Commission inadvertently fails to draft formal findings of fact in support of a particular order granting or denying a variance. A reviewing court would in all likelihood remand the case in order to allow the Commission to articulate its findings of fact based upon this record. I should also emphasize that this opinion should not be interpreted as commenting on any particular grant or denial of a variance by the Commission.
The Capitol Zoning District Commission (the "Commission") is a state agency[1] and, as such, is subject to the Arkansas Administrative Procedure Act (the *Page 3 
"APA").[2] Under the APA, any determination by the Commission to grant a petition for a variance amounts to an "order" resulting from an "adjudication."[3] With respect to what must be included in an order based upon an adjudication, the APA provides in pertinent part:
 (1) In every case of adjudication, a final decision or order shall be in writing or stated in the record.
 (2) A final decision shall include findings of fact and conclusions of law, separately stated. . . .[4]
The Code provides for appeal of a Commission decision by timely petition to the circuit court in which the petitioner resides or Pulaski County.[5] In reviewing the decision, the court will consider the entire record below unless the parties stipulate to abbreviate the record.[6] The court may further permit or require the record to be supplemented.[7] It is not the case, however, that the court's only charge is to *Page 4 
review the record, whether abbreviated, expanded or unchanged from below, in order to determine whether the Commission was correct in its decision. The requirement that the Commission draft findings of fact or state them on the record remains. The Arkansas Court of Appeals has most recently stressed this requirement, ruling that in the absence of such findings the court will be unable to review a board's reasoning in reaching a decision.[8] The court stressed in that case that it is the board's function to make findings of fact, not the court's, and it consequently remanded the case for additional board action.[9] In my opinion, a reviewing court would follow this course in any instance in which the Commission has failed to make findings of fact in accordance with the statute recited above.
I assume your question was prompted by the granting or denial of a variance in a particular instance. Not being a finder of fact, I am unable to determine whether the Commission's order complied with the requirement set forth in the APA.
Question 2: By the conjunction "and" preceding item No. iv,is the commission required to determine that the conditions in eachitem — i, ii, iii, and when applicable item iv — have [sic] beensatisfied to its satisfaction before it can approve a variancepursuant to this section of the Ordinance?
In my opinion, the answer to this question is "yes."
The Commission is expressly authorized to adopt rules and regulations of the sort represented by the Ordinance.[10] It is axiomatic that a state agency is bound by its own regulations.[11]
In each case, then, the Commission is bound to give effect to the term "and" as used in the Ordinance. In my opinion, the term "and" in this context can only be read as conjunctive, [12] meaning that all three of the conditions *Page 5 
set forth in subsections i-iii — and, if applicable, the condition set forth in subsection iv — must be met in order to warrant the granting of a variance.
The question of whether these conditions have been met in any particular case is one of fact that I am neither equipped nor authorized to address in a formal opinion. I will merely note that answering this question in each instance will entail reviewing the entire record, including such pertinent information as the staff report and recommendation, any facts considered at the Commission's meeting to rule on the petition, the minutes of that meeting and any documents that bore on the Commission's deliberations.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] The Commission and its staff are expressly identified in the Code as "a separate and distinct agency of government." A.C.A. § 22-3-313 (Repl. 2004). This designation is contained within a subchapter of the Code that charges the Commission with developing and monitoring zoning restrictions within the Capitol Zoning District (the "District"). A.C.A. § 22-3-301 through-313 (Repl. 2004). The District currently comprises the areas surrounding the State Capitol and the Governor's Mansion. A.C.A. § 22-3-302.
[2]
A.C.A. §§ 25-15-201 through-219 (Repl. 2002 Supp. 2009). The APA defines the term "agency" as follows:
 "Agency" means each board, commission, department officer, or other authority of the government of the State of Arkansas, whether or not within, or subject to review by, another agency, except the General Assembly, the courts, and Governor.
A.C.A. § 25-15-202(2)(A) (Supp. 2009).
[3] The APA defines the term "adjudication" to mean "agency process for the formulation of an order." A.C.A. § 25-15-202(1)(A). The term "order" denotes "the final disposition of an agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and hearing." A.C.A. § 25-15-202(5). The requirement of notice and a hearing on the question of issuing a variance in the District is expressly set forth in Capitol Zoning Ordinance §§ 2-105C and 2-105D. Any granting of a variance by the Commission constitutes an "order" inasmuch as it is a final disposition in a matter other than rule-making following notice and a hearing.
[4] A.C.A. § 25-15-210(b).
[5] Id. at-212(b)(1).
[6] Id. at-212(d)(3).
[7] Id. at-212(d)(4).
[8] Barnes v. Arkansas Department of Finance andAdministration, 2010 Ark. App. 436, 4 (May 19, 2010).
[9] Id. ("Reviewing courts may not supply findings by weighing the evidence themselves, because that function is the responsibility of the administrative agency . . .").
[10] A.C.A. § 22-3-307.
[11] Regional Health Care Facilities, Inc. v. Rose Care,322 Ark. 767, 771, 912 S.W.2d 409 (1995).
[12] As noted in MacSteel, Parnell Consultants v. Ar. Ok. GasCorp., 363 Ark. 22, 210 S.W.3d 878 (2005):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). . . . When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra.
See also Ops. Att'y Gen. 2005-072 2004-339. This principle applies equally to the interpretation of regulations. Rowell v,Austin, 276 Ark. 445, 449-50, 637 S.W.2d 531 (1982) ("A proper administrative regulation has the same force and effect as a statute enacted by the legislature and is considered valid. The words in such regulations are given their plain and ordinary meaning unless there is ambiguity. Marion County Rural School DistrictNo. 1 v. Polk, 268 Ark. 354, 596 S.W.2d 700 (1980).") Applying the rule set forth in MacSteel, I believe the conjunctive sense of the term "and" in the context of the Ordinance is inescapable, meaning that all applicable conditions must be met as a predicate to granting a variance.
MacSteel, Parnell Consultants v. Ar. Ok. Gas Corp.,363 Ark. 22, 210 S.W.3d 878 (2005); see also Ops. Att'y Gen. 2005-072 2004-339.