Steven BAUMER *v.* STATE of Arkansas

CR 89-77                                                777 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Richard W. Atkinson*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant, a juvenile, was found to be a delinquent by the Faulkner County Juvenile Court and was placed in the custody of the Division of Children and Family Services (Youth Services Center) for an indefinite period. For his appeal, he argues that the trial court committed prejudicial error in refusing to dismiss the charge of third degree battery and in rejecting his motion for a directed verdict. We reverse and remand this matter to the Circuit Court of Faulkner County, Juvenile Division.

The facts disclose that on September 22, 1989, the appellant was involved in a dispute at the Conway High School. During the incident, the appellant shoved the principal of the high school several times and threatened to beat him up or put him "in the ground." The principal ordered the appellant to leave the campus and was in the process of escorting him off the campus when a police officer arrived and took custody of the young man. The appellant resisted the arrest and subsequently was charged with several violations of law. He received four ticket and complaint citations charging him with trespass, disorderly conduct, resisting arrest, and battery in the third degree. He was taken from the school campus to the police station, where he was immediately processed and presented to the municipal judge.

On October 13, 1988, the municipal court transferred the case to the juvenile court, where a detention hearing was held on October 17, 1988. On November 18, 1988, the appellant was found to be delinquent and was committed to the Youth Services Center for an indefinite period. No predisposition report or hearing was had until after the hearing on the merits of the case.

The appellant first asserts that the provisions of Ark. Code Ann. § 9-27-316 (1987) were ignored. This statute requires the officer who takes a juvenile into custody to "immediately take the

juvenile before the juvenile court of the county where the juvenile was taken into custody." The juvenile court is then required to notify certain parties. The prosecutor must immediately decide whether to file a petition with the juvenile court, seek a criminal indictment, or file a criminal information. If neither an information nor a petition is filed within 96 hours of the juvenile being taken into custody or within 24 hours after a detention hearing, whichever is sooner, the juvenile must be discharged. There is nothing in the record to indicate that the foregoing provisions of the juvenile code were followed.

The second argument by the appellant is that the provisions of Ark. Code Ann. § 9-27-326 (1987) were not followed. This section provides that upon the juvenile's appearance at a detention hearing, the judge is required to inform the juvenile of any reason for continued detention. Further, the judge is required to inform the juvenile that he has a right to remain silent and a right to legal counsel. The court must also inform the juvenile that before proceeding with the hearing, he has a right to talk with his parents, guardian, custodian, or attorney. The record reveals that this provision of the code was not followed.

Additionally, the provisions of Ark. Code Ann. § 9-27-327 (1987) require the juvenile judge at the detention hearing to conduct a pretrial release inquiry. There are many enumerated factors to be considered by the judge at the hearing. Nothing in the record indicates that a pretrial release inquiry was held. In fact, no attempt was made to hold this required inquiry before a hearing on the charges.

It is also argued by the appellant that the requirements of Ark. Code Ann. § 9-27-335 (1987) were not followed. Among other things, this provision of the code requires that "a petition in writing setting forth the facts concerning a juvenile which, if true, would render such juvenile defendant delinquent" must be by verified affidavit based upon sufficient information and belief. Apparently there was no such petition in the present case. We cannot, however, determine the existence of the petition because the abstract and brief fail to set forth the matter with sufficient clarity to enable us to reach a conclusion.

█ The appellant insists that the court erred in failing to make a predisposition investigation and report. A report by a

probation officer is required under Ark. Code Ann. § 9-27-342 (1987). This section of the code provides that in any case "in which the juvenile judge determines that there is a reasonable likelihood that the juvenile will be committed to a youth services center, an investigation and report shall be made by the probation officer or an appropriate agency designated by the [juvenile] court. . . ." Specific requirements of the report are set forth in the code. Failure to comply with this provision was prejudicial.

■ We have not previously considered the provisions of the juvenile code in question. Therefore, we have the opportunity to construe the words of the code in the manner intended by the General Assembly. The first definition found in Ark. Code Ann. § 9-27-303(a) (1987), states: "[T]he word 'shall" is used in the mandatory rather than the permissive sense." In addition to the plain and clear meaning of the words of the statute, we have held that the word "shall," when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity. *Loyd* v. *Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). In all three sections of the code here considered, the word "shall," relating to the duties of the judge, requires mandatory compliance.

The appellant also argues that his case should be reversed because the trial court erred in failing to grant his motion for a directed verdict on the third degree battery charge. The battery charge resulted from the appellant placing his hands on the principal's chest and shoving him several times. However, there were no scratches or bruises, and the victim stated that he was not injured.

■ We agree with the appellant that the evidence is not sufficient to support a finding of battery in the third degree. Ark. Code Ann. § 5-13-203 (1987) provides that a person commits battery in the third degree if, with the purpose of causing a physical injury to another person, he causes physical injury to another person, or if his conduct is reckless and causes physical injury to another. Even if the appellant had the purpose of committing a battery, the evidence does not reveal that there was any physical injury to another person. Therefore, the misdemeanor conviction for battery in the third degree is not supported by substantial evidence.

Reversed and remanded.

HICKMAN and GLAZE, JJ., concur.