Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board Post Office Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on a question prompted by the Fire Chief of the Earle Fire Department on behalf of the Earle Pension Board.
The correspondence attached to your request indicates that a firefighter with the Marked Tree Fire Department, Mr. McMunn, is apparently retiring. The correspondence implies that Mr. McMunn has been with the Marked Tree department from 1974 until his retirement. Prior to 1974, Mr. McMunn was a firefighter with the Earle Fire Department for 5½ years. I assume, based on your correspondence, that the service with each department was volunteer firefighter service. Upon Mr. McMunn's retirement, the Marked Tree Fire Department has apparently requested that the Earle Fire Department reimburse it in the amount of $3,800 in retirement benefits it anticipates paying to Mr. McMunn. I will assume that the $3,800 will represent reimbursement for the 5½ years of service Mr. McMunn spent with the Earle Fire Department. It is indicated that, because another firefighter with the Earle Fire Department, Mr. Clouse, has spent over twice the amount of time with the Marked Tree Department than has Mr. McMunn with the Earle Department, members of the Earle Pension Board feel that if any money is to be transferred from one fund to another, Marked Tree should be the department that reimburses the Earle Department for the difference in the retirement amounts of the two firefighters. The correspondence does not indicate the status of Mr. Clouse; e.g., whether he is an active or retired firefighter. The correspondence also indicates that while several members of the Earle Department have previously transferred to other departments, no department has ever made such a request for reimbursement when the transferred firefighters have retired.
In light of the above, you have requested an opinion as to the "compulsory nature" of A.C.A. § 24-11-825 (Repl. 1992) with regard to the transfer of assets and service credit for volunteer firefighters who have had service credit covered by more than one local fire pension fund.
Assuming that all the statutory conditions are met, it is my opinion that A.C.A. § 24-11-825(a)(3) is mandatory in that it requires the Earle Department to pay the dollar amount of the present value of Mr. McMunn's volunteer service with the Earle Department to the Marked Tree Department. The only exception to this requirement is set out at subsection (b) of § 24-11-825 for pension funds which did not meet the Arkansas Fire and Police Pension Review Board's most recent actuarial valuation standards for soundness.
The relevant statutory provision, § 24-11-825, was enacted in 1987, and allows for a volunteer firefighter to receive pension plan service credit in more than one local fire department in Arkansas if certain conditions are met. These conditions are set out at § 24-11-825(a)(1) and (a)(2). I will assume, with regard to your inquiry, that each of these conditions has been met. Once the conditions are met, subsection (a)(3) requires the "previous" fire department (in this case, the Earle Department) to certify the amount of the service with the previous department to the "last" fire department (i.e., the Marked Tree Department). The pension plan of the last department is then required to have performed, at its expense, an actuarial valuation to determine the single sum present value of the previous service being credited. The valuation is to be performed by the Arkansas Fire and Police Pension Review Board, which is to certify the dollar amount of the present value to the previous plan. The section then states that "[the previous plan] shall promptly pay that amount to the last pension plan" (emphasis added). A.C.A. §24-11-825(a)(3). Subsection (a)(5) also requires the firefighter to cause to be transferred from the previous plan to the last plan the amount of his accumulated contributions with the previous plan. Finally, subsection (b) sets out an exception to these requirements for "any pension fund which did not meet the actuarial standards for soundness as determined by the most recent actuarial valuation performed on the fund by the Arkansas Fire and Police Pension Review Board." A.C.A. § 24-11-825(b). Such a pension fund "shall not transfer assets to another local pension fund for prior services of a former volunteer member," nor "shall any volunteer member be given credited service time for which no transfer of assets is made." Id.
The Arkansas Supreme Court has stated: "[W]e have held that the word `shall,' when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity." Baumer v. State, 300 Ark. 160, 163,777 S.W.2d 847, 849 (1989). Accordingly, it is my opinion that the language of § 24-11-825(a)(3) is mandatory in requiring the Earle Fire Department to pay the dollar amount of the present value of Mr. McMunn's volunteer service with the Earle Department to the Marked Tree Department. The only exception to this requirement, as set out above, would be if the Earle fund had not met the most recent actuarial valuation standards for soundness.
The issue of reimbursement by the Marked Tree Department to the Earle Department for the retirement benefits of Mr. Clouse is, in my opinion, a separate questions which should be evaluated in light of relevant statutory provisions. That issue does not, however, in my opinion, impact the liability of the Earle Department in the present instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLD/cyh