The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This official Attorney General opinion is issued in response to your question regarding exemptions for individual sewage systems under A.C.A. § 14-236-104(c), which states:
 (c) The requirements of this chapter shall not apply to any individual sewage disposal system or alternate and experimental system which is situated on a tract of land ten (10) acres or larger, in which the field line or sewage disposal line is no closer than two hundred feet (200') to the property line.
A.C.A. § 14-236-104(c).
You indicate that a situation has arisen in which the phrase "tract of land," as used in A.C.A. § 14-236-104(c), has been interpreted at the discretion of the landowner. Thus, an owner of 100 acres of land could say that he actually owned ten 10-acre "tracts" of land, which would allow him to have ten exempt septic systems.
You also indicate that the Department of Health has rejected this means of interpreting the phrase, and has instead interpreted it to refer to any one piece of land, 10 acres or larger, that is all owned by the same owner(s). Under the Health Department's interpretation, as you have described it, a determination of what constitutes a "tract of land" is made upon the basis of the ownership of the property, rather than upon the basis of the size or acreage of the property, or the distance from other individual sewage systems. That is, according to the Health Department's interpretation, all of the contiguous property owned by one owner constitutes one "tract" of land. The result of this reading of the provisions of A.C.A. § 14-236-104(c) is that each tract of land that is 10 acres or larger and is all owned by the same owner(s) can have only one exempt septic system — regardless of how large the tract may be.
In light of the above, you have presented the following question:
 What is the definition of a tract of land, and how many septic systems can be exempt on a tract of land, as defined?
I must acknowledge initially that the provisions of A.C.A. §14-236-104(c) with regard to the meaning of the phrase "tract of land" are somewhat unclear. The phrase is not defined in the statute, nor has it been judicially interpreted by an appellate court of this state. The question has been litigated in various lower courts, and the decisions have not been consistent. Definitive clarification can only be rendered legislatively or by an appellate judicial decision. For this reason, I am unable to give a conclusive opinion regarding this matter.
Nevertheless, I find that the standards of statutory interpretation that have been applied by the Arkansas Supreme Court do provide some guidance in analyzing the issue you have raised. One of the most basic of such standards is that which holds that in interpreting statutes, it is appropriate to look to the language of statute, its subject matter, the object to be accomplished, the purpose to be served, and other appropriate considerations that will shed light on the meaning of the statute. See, e.g., Henson v. Fleet Mortg. Co., 319 Ark. 491,892 S.W.2d 250 (1995).
It is my opinion that when this standard of statutory interpretation is applied to the provisions of A.C.A. § 14-236-104(c), the phrase "tract of land," as used therein, can reasonably be interpreted to refer to any one piece of land, 10 acres or larger, in which the field line or sewage disposal line of the individual sewage system located on that property is no closer than two hundred feet (200') to the property line — regardless of the ownership of the property. Under this interpretation, one property owner could have multiple exempt individual sewage systems, provided that the acreage and distance requirements were complied with.
The acreage requirement and the two hundred-foot distance requirement of A.C.A. § 14-236-104 appear to indicate that the statute's primary concern in limiting the number of exempt systems was to assure that no two individual systems are situated too closely together. This concern is satisfied as long as the distance requirement is complied with — regardless of whether the property is owned by one owner or by various owners.
An interpretation of the phrase "tract of land" that would require the determination to be based on ownership of the property, rather than on tract size and compliance with the distance requirement, could produce an absurd result. More specifically, it would disallow two exempt systems on two contiguous 10-acre tracts that were owned by the same owner, but would allow two systems on the same two contiguous 10-acre tracts if the tracts were owned by different owners. Not only is such an interpretation of the statute counterintuitive, it also fails to further the concerns of the statute. The Arkansas courts have held that it is inappropriate to interpret statutory language in a manner that produces an absurd result.See Neely v. State, 317 Ark. 312, 877 S.W.2d 589 (1994); Death and TotalPermanent Disability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62,837 S.W.2d 293 (1992).
I reiterate that a conclusive interpretation of the phrase "tract of land," as used in A.C.A. § 14-236-104(c) can only be accomplished through legislative clarification, or through the decision of an appellate court of this state. However, the interpretation that I have suggested appears to be consistent with the standards of statutory interpretation that have been applied by the Arkansas Supreme Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh