The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72403-0097
Dear Representative Hogue:
This official Attorney General opinion is rendered in response to a question that you have presented regarding the County Administration of Justice Fund, created by Act 1256 of 1995 [codified at A.C.A. § 16-10-301
through -310].
Under the provisions of Sections 10 and 12 of Act 1256 (A.C.A. §16-10-307), the County Administration of Justice Fund is to be used to fund the following programs and agencies:
(1) The prosecuting attorney fund;
(2) The prosecuting attorney's victim-witness program fund;
 (3) The public defender/indigent defense fund and public defender investigator fund;
(4) The county law library fund;
(5) The county jail fund; and
(6) The intoxication detection equipment fund.
See A.C.A. § 16-10-307(b).
The formula for determining how much the county may retain in its fund is set forth in A.C.A. § 16-10-307(c).
You indicate that in Craighead County, the monies that have been allocated to the various programs and agencies from the County Administration of Justice Fund have been maintained separately for control purposes, and that some concern has arisen regarding the use of one program's or agency's excess monies from the Fund for another program or agency.
Accordingly, you have asked:
 Can the surplus funds generated for the public defender and investigators from the County Administration of Justice Fund be used to help pay the cost of the other agencies or programs, or do these funds have to be set aside for the public defender and investigators?
It is my opinion that any monies that were allocated to the public defender and investigators from the County Administration of Justice Fund, but were unused, must be used to help pay the cost of the other agencies or programs, and that these monies from the County Administration of Justice Fund may not be set aside exclusively for the public defender and investigators.[1]
This conclusion is based upon two features of the Act 1256.
First, the Act created one County Administration of Justice Fund, which is to be allocated toward the costs of all of the above-referenced programs and agencies. The Act did not create a separate fund for each program or agency, nor did it require that separate, non-fungible accounts be maintained for each program or agency.[2]
Second, the Act requires the remission of excess monies to the State Administration of Justice Fund.
More specifically, subsection (d) states:
 (d) The county shall, on or before the tenth day of November, 1995, and on or before the tenth day of each month thereafter, remit all sums received in excess of the amounts necessary to fund the expenses enumerated in subsections (b) and (c) of this section during the previous month from the uniform filing fees provided for in §§ 16-14-105
and 21-6-304 and the uniform court costs provided for in § 16-10-305 to the Department of Finance and Administration, Administration of Justice Funds Section, for deposit in the State Administration of Justice Fund.
Acts 1995, No. 1256, §§ 10, 12 [A.C.A. § 16-10-307(d)].
I find it notable that remission is only required for amounts in excess of the amounts described in both subsection (b) (the amounts necessary to fund the designated programs and agencies) and subsection (c) (the amounts described in the formula). Therefore if the allocated amounts exceed the funding needs described in subsection (b), but do not exceed the formula amounts described in subsection (c), those amounts can be retained in the Fund — but it is the county who is designated to retain them — not any individual program or agency. See A.C.A. § 16-10-307(c). The Act does not authorize any individual program or agency to retain excess monies. Moreover, it is county — not any individual program or agency — who is required to remit in instances where remission is required. See A.C.A. § 16-10-307(d).
This arrangement appears to have been established for the purpose of allowing monies unused by one program or agency to be reallocated by the county to other programs or agencies. Such an arrangement would be consistent with the legislative intent underlying the Act and of the Fund. Section 1 of the Act (16-10-301) states in pertinent part:
Legislative intent.
 (a) It is hereby found by the General Assembly that the current system of funding the state judicial system has created inequity in the level of judicial services available to the citizens of the state. It is further determined that the current method of financing the state judicial system has become so complex as to make the administration of the system impossible. Finally, it is determined that the lack of any reliable data on the current cost of the state judicial system prohibits any comprehensive change in the funding of the system at this time.
 (b) It is, therefore, the intent of this act to eliminate the current system of collecting and assessing a large number of individual court costs and filing fees, to replace it with uniform costs and fees to be applied statewide, and to prohibit the implementation of new costs and fees for specific programs in the future.
A.C.A. § 16-10-301.
An interpretation of the Act that would allow the individual programs and agencies to retain excess unused monies from the County Administration of Justice Fund, while other programs and agencies were underfunded, would be directly counter to the Act's stated purpose of alleviating inequities in the administration of justice in the state. Moreover, it would be contrary to the Arkansas courts' long-standing rule of statutory interpretation which holds that statutory language should not be interpreted in a way that produces an absurd result. See, e.g., Neely v.State, 317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total PermanentDisability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293
(1992).
For the foregoing reasons, I conclude that any monies that were allocated to the public defender and investigators from the County Administration of Justice Fund, but were unused, must be used to help pay the cost of the other agencies or programs, and that these monies from the County Administration of Justice Fund may not be set aside exclusively for the public defender and investigators.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that this opinion addresses only monies in the County Administration of Justice Fund. It does not address any funds that were created for the exclusive use of the various separate programs and agencies. For example, the "Public Defender Fund" that was created by Act 1193 of 1993 is to be used exclusively by the Arkansas Public Defender Commission. See A.C.A. § 16-87-204(d).
[2] The maintenance of separate accounts made up of monies from the County Administration of Justice Fund for the various separate programs and agencies may clearly be desirable for accounting purposes, but such separate accounts are not required by law. It follows, then that if such separate accounts are maintained, there is no requirement of law that they be non-fungible.