Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This official Attorney General opinion is issued in response to the following questions:
 (1) If a police officer who is injured on duty and subsequently retires under a medical pension that is administered under the old police pension and relief fund rather than LOPFI, can he be re-certified as an investigator to work for a drug task force, although he is not physically able to return to work as a police officer?
 (2) Is a disabled person who obviously will not improve to the extent necessary to be able to return to work still required to be examined every six months under A.C.A. § 24-11-423(c)(1)?
RESPONSE
Question 1 — If a police officer who is injured on duty and subsequentlyretires under a medical pension that is administered under the old policepension and relief fund rather than LOPFI, can he be re-certified as aninvestigator to work for a drug task force, although he is not physicallyable to return to work as a police officer?
I must note initially that the question that you have raised is one that has not been addressed by an appellate court in a published opinion and can only be definitively determined through legislative or judicial clarification.
In the absence of such clarification, it is my opinion that a police officer who is injured on duty and is receiving disability benefits can be re-certified as an investigator to work for a drug task force, even though he is not physically able to return to work as a police officer.
Although the applicable statute (A.C.A. § 24-11-423) does not specifically address this issue, its language does provide certain guidance in answering the question. The statute states, in pertinent part:
24-11-423. Benefits-Disability retirement.
 (a)(1) If any member of the police department shall become physically or mentally permanently disabled, and this fact is certified to by the physician on the board of trustees, he shall be entitled to retire and receive a pension as provided herein. The board may first require that a second evaluation be performed by another physician to be named by the trustees. No member shall be retired for disability for natural causes unless he has served at least five (5) years.
* * *
 (c)(1) If any member is retired because of any disability, it shall be the duty of the member to have an examination made of himself by the physician on the board of trustees at least once every six (6) months, and, if he shall have recovered from the disability, it shall be the duty of the board of trustees to stop the payment of the pension and to place the member back in service on the police department.
* * *
 (d)(1) In addition to the examination required by subsection (c) of this section, the board of trustees may require the member to have an examination made of himself by a physician named by the board no more often than once every six (6) months, and, if the physician determines that the member has recovered from the disability, it shall be the duty of the board of trustees to stop the payment of the pension and to place the member back in service on the police department.
A.C.A. § 24-11-423(a)(1), (c)(1), and (d)(1).
At the heart of your question is the issue of whether the term "disabled," as used in the statute, refers only to the disability to perform the duties of an employee of the police department, or whether it refers to the disability to perform any job for any employer. (That is, must an individual be physically incapable of performing the duties of all jobs for all employers in order to be deemed "disabled" — and thus entitled to benefits — under A.C.A. § 24-11-423?)
The statute does not define the term "disabled," as used therein. Nevertheless, it appears that the legislature used the term only in reference to the inability to perform the duties of an employee of the police department.[1] This usage of the term is apparent from the language of sections (c) and (d). Under the language of those sections, the individual who is receiving disability benefits pursuant to section (a) is deemed to be no longer disabled — and thus no longer entitled to benefits — when he or she is able to return to service on the police department.
For this reason, I conclude that the term "disabled," as used in A.C.A. § 24-11-423, refers only to the inability to perform the duties of an employee of the police department. An individual ceases to be "disabled" only when he or she is physically able to return to service in the department.
This conclusion is crucial to the question of whether an individual who is receiving disability benefits under A.C.A. § 24-11-423 can continue to receive those benefits while working for an employer other than the police department. It is my opinion that such an individual can continue to receive disability benefits, even while working for an employer other than the police department, if that individual is still physically incapable of returning to service in the department.
As noted previously, disability benefits under A.C.A. § 24-11-423 are to cease only when the individual receiving those benefits is deemed capable of returning to service in the police department. Therefore, if the individual is physically capable of doing other work, but is not physically capable of performing the duties of an employee of the police department, that individual continues to be deemed "disabled" within the meaning of A.C.A. § 24-11-423, and is therefore entitled to continue receiving benefits.[2]
For the above reasons, I conclude that a police officer who is injured on duty and is receiving disability benefits can be re-certified as an investigator to work for a drug task force, even though he is not physically able to return to work as a police officer. I reiterate, however, that this issue can only be definitively clarified through legislation or judicial decision.
Another issue that is relevant to your question and that must be addressed is whether the re-certified individual can become a member of the retirement system under which the drug task force is covered, and accrue credited service in that system while drawing benefits from the other system.
I assume that the drug task force to which your question refers is one that was created pursuant to A.C.A. § 16-21-148. I have previously opined that investigators for such drug task forces are generally eligible for membership in the Arkansas Public Employees Retirement System (APERS).See Ops. Att'y Gen. Nos. 94-052; 88-391.
Accordingly, the issue of whether the re-certified individual can join APERS while receiving benefits from the local system will be governed by the APERS laws. In defining the term "employee" for purposes of designating who is eligible for membership in APERS, A.C.A. § 24-4-101(B) excludes certain members of other retirement systems. However, in doing so, it explicitly excepts from that exclusion persons who are eligible for, or receiving benefits from a local police pension fund. Id. That is, the APERS law includes in its definition of "employee" (i.e., those who can become members of APERS) persons who are receiving benefits from a local police pension system.
On the basis of this explicit inclusion of such persons, I conclude that a police officer who is receiving disability benefits from a local police pension system and is re-certified to work as an investigator for a drug task force while continuing to receive disability benefits, that person can become a member of APERS and can accrue credited service while working for the drug task force.
Question 2 — Is a disabled person who obviously will not improve to theextent necessary to be able to return to work still required to beexamined every six months under A.C.A. § 24-11-423(c)(1)?
It is my opinion that although the provisions of A.C.A. § 24-11-423(c)(1) appear to mandate regular six-month examinations, it does not appear to have been intended to require such examinations in situations in which there is clearly no possibility that the retiree will ever become physically able to return to work.
A.C.A. § 24-11-423(c)(1) states:
 If any member is retired because of any disability, it shall be the duty of the member to have an examination made of himself by the physician on the board of trustees at least once every six (6) months, and, if he shall have recovered from the disability, it shall be the duty of the board of trustees to stop the payment of the pension and to place the member back in service on the police department.
A.C.A. § 24-11-423(c)(1).
The above-quoted provision makes use of the mandatory term "shall." Despite this fact, I conclude that it need not be strictly interpreted as a mandatory provision. The Arkansas Supreme Court has consistently held that although the term "shall," when used in a statute, usually indicates a legislative intent that compliance with the statute be mandatory, compliance is not mandatory if such an interpretation would lead to an absurdity. See, e.g., Baumer v. State, 300 Ark. 160, 777 S.W.2d 847
(1989); Loyd v. Knight, 288 Ark. 474, 706 S.W.2d 393 (1986). The court has also held that statutes should not be interpreted literally when such an interpretation would be contrary to the intent of the law. See, e.g.,Neely v. State, 317 Ark. 312, 877 S.W.2d 589 (1994); Stover v. Stover,
287 Ar. 116, 696 S.W.2d 750 (1985).
The purpose of A.C.A. § 24-11-423(c)(1) clearly appears to be to prevent the payment of disability benefits to persons who are not disabled. It is specifically directed at persons who have been disabled, but who later regain the physical ability to work. To construe this statute to require regular physical examinations of persons who clearly will never be physically able to work again would, in my opinion, stretch the provisions of the statute to the point of absurdity.
For this reason, I conclude that the physical examination requirement of A.C.A. § 24-11-423(c)(1) should not be interpreted to be mandatory for persons who clearly will never be able to return to their jobs.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] This conclusion is bolstered by the fact that as originally enacted, and until 1983, the statute that is now A.C.A. § 24-11-423
included language specifically indicating that "disabled" meant to be incapacitated from the performance of the duties of a member of the police department. See Acts 1937, No. 250, §§ 7, 9, 10; Acts 1941, No. 82, §§ 1,2; Acts 1945, No. 176, §§ 2, 3; Acts 1957, No. 415, § 2; Acts 1963, No. 210, § 1; Acts 1969, No. 288, § 1; Act 1971, No. 63, § 1; Acts 1981, No. 987, § 1; Acts 1983, No. 552, §§ 1, 2. This office has previously interpreted similar language in the statutes governing local fire department pension systems (A.C.A. § 24-11-801 et seq.) to refer only to the disability to perform the duties of a member of the department. See
Ops. Att'y Gen. Nos. 93-245 and 86-347.
[2] It should be noted that the standards by which employees are determined to be "disabled" under A.C.A. § 24-11-423 are established by the Board of Trustees of the local pension fund. See McCarty v. Bd. ofTrustees, 45 Ark. App. 102, 872 S.W.2d 74 (1994); A.C.A. § 24-11-405(c) (d).
[3] Of course, the question of whether any particular individual clearly will never be able to return to work is a question of fact that must be determined by a person having expertise and authority regarding this matter — presumably, the physician who serves on the board.