The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
You have requested an Attorney General opinion in response to the following questions:
 (1) Does A.C.A. § 7-7-305(c) allow the use of a professional title that is not a nickname but a name by which an individual is identified? (For example, would it be permissible to file for candidacy using "Dr. John Doe"?
 (2) Would it be permissible to file as "Doc John Doe" as a nickname if the candidate is not a doctor?
RESPONSE
Question 1 — Does A.C.A. § 7-7-305(c) allow the use of a professionaltitle that is not a nickname but a name by which an individual isidentified? (For example, would it be permissible to file for candidacyusing "Dr. John Doe"?
It is my opinion that A.C.A. § 7-7-305(c), as amended by Act 1335 of 1999, does not allow the use of a professional title.
A.C.A. § 7-7-305(c) (as amended by Act 1335 of 1999) provides:
 (c)(1)(A) Any person who shall file for any elective office in this state may use not more than three (3) given names, one of which may be a nickname or any other word used for the purpose of identifying such person to the voters and may add as a prefix to his name the title or an abbreviation of an elective public office the person currently holds.
(B) A nickname shall not include professional or honorary titles.
 (2) The names and titles proposed to be used by each candidate shall be reviewed within twenty (20) days of the filing deadline by the State Board of Election Commissioners for state offices and by the County Board of Election Commissioners for county, township, school, and municipal offices.
 (3)The name of every candidate shall be printed on the ballot in the form as certified by either the State Board of Election Commissioners or the County Board of Election Commissioners.
 (4) No candidate shall be permitted to change the form in which his name will be printed on the ballot after the deadline for filing the political practice pledge.
A.C.A. § 7-7-305, as amended by Acts 1999, No. 1335, § 1.
It is my opinion that A.C.A. § 7-7-305(c)(1)(B), above, explicitly prohibits the use of a professional title. Although it could be argued that Section (c)(1)(B) operates only to prohibit the use of professional or honorary titles when used as nicknames, and that Section (c)(1)(A) allows the use of professional titles when they are used as a part of the name by which the candidate is identified, I believe that this interpretation of that section is incorrect. Such an interpretation would render Section (c)(1)(B) virtually useless, because any candidate who wished to use his professional title could easily claim that his professional title is merely the name by which he is identified. The Arkansas courts have held that legislation should not be interpreted in a manner that would result in its being useless. See Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent DisabilityTrust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
A better interpretation of A.C.A. § 7-7-305(c) is one under which the statute is read to strictly prohibit the use of professional titles, with Section (b)(1)(B) operating as a reinforcement of that prohibition in the event that a candidate attempts to argue that his professional title is a nickname and thus allowable under Section (c)(1)(A). In other words, it is my opinion that A.C.A. § 7-7-305 should be interpreted to say that nicknames are allowable, but professional titles are not, and professional titles do not count as nicknames.
It should be noted that the election commission has the ultimately authority to determine whether a proposed name is appropriate for the ballot, given the requirements of A.C.A. § 7-7-305. See A.C.A. §7-7-305(c)(2) and (3).
Question 2 — Would it be permissible to file as "Doc John Doe" as anickname if the candidate is not a doctor?
It is my opinion that it would be permissible for a candidate to file as "Doc John Doe" if that is his nickname — without regard to whether he is a doctor. This example does not, in my opinion, fall under A.C.A. §7-7-305(c)(1)(B), because the title "Doc" is not a recognized professional title. Rather, assuming that the appellation "Doc John Doe" is in fact a nickname, the example would fall squarely within the provisions of Section (c)(1)(A), which expressly permits the use of nicknames.
I note again that the election commission has the ultimate authority to determine whether a proposed name complies with the requirements of A.C.A. § 7-7-305.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh