The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342
Dear Representative King:
You have requested an Attorney General opinion concerning the statute that governs abandoned vehicles.
More specifically, you have asked:
 Does the ten-day period referred to in the language of A.C.A. § 27-50-1101(a)(3) mean that the certified letter giving notice must be mailed (postmarked) at some time before the expiration of the ten-day period, or does it mean that the certified letter must be delivered to the addressee and the return receipt signed before the expiration of the ten-day period?
It is my opinion that the language of the notice requirement of A.C.A. §27-50-1101(a)(3) means that the certified letter must be mailed before the expiration of the ten-day period, and not that the letter must be delivered and signed for within that time period.
Although the applicable statutory law does not explicitly address this question, nor has the Arkansas Supreme Court interpreted this language, I am nevertheless able to reach a conclusion about this matter by applying one of the court's long-standing rules of statutory construction. The court has held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v. Witty, 336 Ark. 479, 987 S.W.2d 257
(1999); Lawhon Farm Servs. v. Brown, 335 Ark. 272, 984 S.W.2d 1 (1998);Citizens To Establish A Reform Party v. Priest, 325 Ark. 257,926 S.W.2d 432 (1996); Henson v. Fleet Mortgage Co., 319 Ark. 491,892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312,877 S.W.2d 589 (1994); Death and Total Permanent Disability TrustFund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293
(1992).
An interpretation of the ten-day notice requirement under which delivery must be accomplished and the return receipt signed within the ten-day period would have the effect of imposing a requirement that is outside the control of those who must meet the requirement. Such a result would be an absurdity and would render the requirement virtually meaningless for notice-givers. Under such an interpretation, notice-givers would have no ability to assure their own compliance with the requirement, in that their compliance would be contingent upon the success of the mail carrier as well as upon the cooperation of the notice recipient. In contrast, notice-givers can assure their own compliance with a requirement that notice be mailed within the ten-day time period. This is the only reasonable interpretation of this requirement. Otherwise, owners of abandoned vehicles could delay the process indefinitely by simply refusing to sign for delivery of the notice. In this regard, I note by analogy that under the Rules of Civil Procedure, service of process by mail is presumptively complete upon mailing. Rule 5(b)(2). Clearly, this was also the intent of the notice requirement of A.C.A. §27-50-1101(a)(3).
Accordingly, I conclude that the ten-day notice requirement of A.C.A. §27-50-1101(a)(3) means that the certified letter must be mailed before the expiration of the ten-day period, and not that the letter must be delivered and signed for within that time period.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh