The Honorable Gene Jeffress State Representative 1483 Ouachita 47 Louann, AR 71751-8761
Dear Representative Jeffress:
I am writing in response to your request for my opinion regarding the authority of the Camden Police Department to impound vehicles. Specifically, the Department asks:
 Do we as police officers have a legal right to impound a person's vehicle if the violator states "I do not have insurance"?
You report that until recently the Department impounded such vehicles pursuant to a municipal judge's standing order but that the practice has since been called into question.
RESPONSE
In my opinion, police officers do not have the authority to impound a vehicle solely because that vehicle is not covered by insurance.
Section 27-22-104 (Supp. 1999) of the Arkansas Code provides in pertinent part:
 (a)(1) It shall be unlawful for any person to operate a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in this state.
 (2) Failure to present proof of insurance coverage at the time of arrest and a failure of the vehicle insurance database to show current insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle is uninsured.
* * *
 (c)(1) If the operator of the motor vehicle is unable to present proof of the vehicle's insurance coverage as required in subsection (a) of this section when requested by a law enforcement officer or if a check of the vehicle insurance database at the time of the traffic stop fails to show current insurance coverage, the operator shall be issued, in addition to any traffic citation issued for a violation of this section, a notice of noncompliance with the provisions of this section on a form to be provided to the Department of Finance and Administration.
 (2) The officer shall forward a copy of the notice of noncompliance to the department within ten (10) days of issuance.
 (3)(A) In addition, the officer shall remove and impound the license plate attached to the vehicle.
 (B) The license plate shall be returned to the Office of Driver Services or to the local revenue office.
 (d)(1) The law enforcement officer who removes and impounds the license plate pursuant to subdivision (c)(3)(A) of this section shall issue for attachment to the rear of the vehicle a temporary sticker denoting its use in lieu of an official license plate.
 (2) The sticker shall bear the date upon which it shall expire in written or stamped numerals or alphabetic characters not less than three inches (3") in height.
 (3) This temporary sticker shall only be effective for a period of ten (10) days beginning from the day on which the license plate was taken.
 (4) The temporary stickers shall be designed by the department and supplied at no cost to all law enforcement agencies authorized to enforce traffic laws in Arkansas.
 (e)(1) Upon receipt of the notice of noncompliance by the department, the department shall proceed to suspend the registration of the uninsured vehicle effective ten (10) days after the license plate was taken and the notice of noncompliance was issued.
 (2) However, if the vehicle was insured at the time of the offense, the owner of the vehicle shall have ten (10) days to present proof of insurance coverage or other financial security in effect at the time of the offense, whereupon the license plate shall be returned at no cost to the owner of the vehicle.
 (f) Any suspension by the department under this section shall be subject to the notice and hearing provisions of § 27-19-404 and shall remain in effect and no registration shall be renewed for or issued to any person whose vehicle registration is so suspended until:
 (1) The person shall deposit or there shall be deposited on his behalf sufficient security as provided for under the Motor Vehicle Safety Responsibility Act, § 27-19-101 et seq.; or
(2) The person shall furnish the department one of the following:
 (A) A certificate of self-insurance under the provisions of § 27-19-107; or
 (B) A sufficient insurance policy issued by an insurance company authorized to do business in this state.
 (g)(1) In order to reinstate the suspended registration and be reissued a license plate for any suspended motor vehicle, the owner shall present the proof of renewed or new financial coverage required in subdivision (f)(1) or (2) of this section to the department and shall pay to the department a twenty dollar ($20.00) fee for reinstatement of the registration and reissuance of the license plate.[1]
 (2) The revenues derived from this reinstatement fee shall be deposited as a special revenue to the State Central Services Fund and credited as a direct revenue to be used by the department to offset the costs of administering this section.
 (3) This fee shall be in addition to any other fines, fees, or other penalties for other violations of this section.
 (h) The department shall promulgate necessary rules and regulations for the administration of this section.
The statute just quoted constitutes an absolutely unambiguous legislative directive regarding what actions the police should take upon determining that a vehicle is uninsured. Specifically, the statute authorizes the police to issue a traffic citation and notice of noncompliance; to impound the vehicle's license plate; and to issue a temporary sticker to be used in lieu of an official plate for a period of ten days, during which time the vehicle's owner can redeem the impounded plate by showing proof of insurance. It is clear on the face of this statute that the legislature intended the vehicle to remain in its owner's custody, not to be impounded by the police. To conclude otherwise would lead to an absurd result, since issuing a temporary sticker for an impounded vehicle would be an utterly meaningless gesture. The Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v.Witty, 336 Ark. 479, 484, 987 S.W.2d 257(1999); Lawhon Farm Servs. v.Brown, 335 Ark. 272, 948 S.W.2d 1 (1998); Citizens To Establish A ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. FleetMortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent DisabilityTrust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). In accordance with this principle, the Arkansas Court of Appeals has recently ruled as follows in a criminal case:
 Absent from the statute is any authority to impound the vehicle of an operator who cannot present proof of insurance. The statute only calls for the officer to impound the vehicle's license plate. In fact, the provision requiring the police officer to issue the operator a temporary sticker to use in lieu of an official license plate provides a strong implication that the operator of the vehicle should be allowed to keep the vehicle and has at least ten days to present proof of insurance.
 In light of these provisions, we conclude that the officer improperly impounded appellant's vehicle and that his subsequent search of the vehicle was unconstitutional.
Howe v. State, 72 Ark. App. 466, 473, ___ S.W.3d ___ (2001).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Act 1433 of 2001, which will go into effect on August 13, 2001, modifies the procedure for reinstatement and increases the fee for reinstatement to $50.00.