The Honorable Roger Smith State Representative 13 South Pego Way Hot Springs Village, AR 71909-2828
Dear Representative Smith:
You have presented the following question for my opinion:
 Does Act 481 of 2003 provide for retroactive payment back to July 1, 2001 for the increased benefits of A.C.A. § 24-10-607(d)(2) to disabled retirees?
RESPONSE
It is my opinion that Act 481 of 2003 does provide for retroactive payment back to July 1, 2001 for the increased benefit of A.C.A. §24-10-607(d)(2) to disabled retirees.
Prior to the enactment of Act 481 of 2003, the statute that provides for disability benefits for participants in LOPFI (A.C.A. § 24-10-607) differentiated between the amount of annuity paid to members who took disability retirement prior to July 1, 2001, and those who took disability retirement on or after July 1, 2001. Under A.C.A. §24-10-607(d)(1), those who retired before July 1, 2001 received the benefits provided for under A.C.A. § 24-10-602. However, under A.C.A. §24-10-607(d)(2), those who retired after July 1, 2001 received either the benefits provided under A.C.A. § 24-10-602, or 65% of their final average salaries — whichever was greater.
Act 481 amended A.C.A. § 24-10-607(d) so as to extend to members who had retired prior to July 1, 2001 the increased benefit set forth in (d)(2), which previously had extended only to those who retired after July 1, 2001. Act 481 specifically provided that this increased benefit is to apply retroactively. The Act stated:
 SECTION 2. (a) Beginning July 1, 2003, Arkansas Code A.C.A. § 24-10-607(d)(2) shall apply retroactively to allow Arkansas Local Police and Fire Retirement System members who received a disability retirement before July 1, 2001, to receive the greater benefit of sixty-five percent (65%) of the final average salary of the member or an amount equal to the annuity paid to retirants for each year of paid service resulting from employment.
 (b) However, the system shall not be responsible for making benefit payments retroactive to the date of the disability.
Acts 2003, No. 481, § 2 (emphasis added).
Under the plain language of the above-quoted provision, the increased benefit of A.C.A. § 24-10-607(d)(2) is to apply retroactively to retirants who did not previously receive that benefit — i.e., those who retired before July 1, 2001. This retroactivity will require payments back to July 1, 2001, which is when the increased benefit originally went into effect. See Acts 2003, No. 1132.
I note that if Act 481 were interpreted to provide only that members who retired before July 1, 2001 will become eligible for increased payments beginning on July 1, 2003 and going forward, the phrase "shall apply retroactively" would be rendered meaningless. The Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would render its language vain or meaningless. See Yarbrough v. Witty, 336 Ark. 479, 484,987 S.W.2d 257(1999); Lawhon Farm Services v. Brown, 335 Ark. 272,948 S.W.2d 1 (1998); Citizens To Establish A ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432
(1996); Henson v. Fleet Mortgage Co., 319 Ark. 491,892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312, 877 S.W.2d 589 (1994);Death and Total Permanent Disability Trust Fund v. Whirlpool Corp.,39 Ark. App. 62, 837 S.W.2d 293 (1992). Moreover, the courts have consistently held that although legislation is presumed not to operate retroactively, that presumption will not apply if the legislation expressly states an intent to operate retroactively. See, e.g., French v. Grove Mfg.Co., 656 F.2d 295 (8th Cir. 1981); Gannett River States Pub. Co. v. ArkansasIndust. Development Com'n, 303 Ark. 684, 799 S.W.2d 543 (1990). Act 481 not only expressly stated an intent that the increased benefit of A.C.A. § 24-10-607(d)(2) is to apply retroactively, it bolstered that express statement with the following emergency clause:
 It is found and determined by the General Assembly of the State of Arkansas that certain individuals under the Arkansas Local Police and Fire Retirement System were injured and disabled in the actual performance of duties as an employee before July 1, 2001; that those members did not receive the advantage of the benefit increase of Act 1132 of 2001; that this inequity has worked a financial hardship on individuals who were injured before the benefit was given to those members after July 1, 2001; and that those individuals who were not granted benefits under that law should have benefits restored as soon as possible and to have this act applied retroactively. Therefore, an emergency is declared to exist and this act being necessary for the preservation of the public peace, health and safety shall become effective on July 1, 2003.
Acts 2003, No. 481, Emergency Clause.
The above-quoted language leaves no doubt that the intent of Act 481 was to provide for retroactive payments of the increased benefit of A.C.A. §24-10-607(d)(2), back to July 1, 2001, to retirants who did not previously receive that increased benefit.
I note that this retroactivity extends only to July 1, 2001, when the increased benefit of A.C.A. § 24-10-607(d)(2) first became effective.See Acts 2001, No. 1132. The Act expressly proscribes retroactivity to the date of the disability. Acts 2003, No. 481, § 2(b).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General