David B. Clark, Executive Director Arkansas Fire Police Pension Review Board 620 West Third Street, Suite 200 Little Rock, AR 72201-2212
Dear Mr. Clark:
I am writing in response to your request for my opinion on the following question:
 Is a local pension fund permitted to allow their members to waive the six percent (6%) actuarial assumed rate for an interest award for members that participate in the Deferred Retirement Option Plan (DROP)?
As background for this question, you state that the Pension Review Board "was presented information that a local police pension fund has adopted DROP with the following provision: `All members of the Plan when they become eligible provide in writing that they waive their rights under Arkansas Code Annotated 24-11-434(e)(2)(A) requiring the interest rate to not be less than the actuarial assumed interest rate; however, in no event shall the interest rate credited be less than zero percent (0%).'" You further clarify that the actuarial assumed rate for local pension funds is 6%.
RESPONSE
It is my opinion that the answer to this question is "no." The statute is unambiguous in providing that participants in DROP "shall earn interest" at a rate "no less than the actuarial assumed . . . rate." It states:
 (2)(A) A member who participates in this plan shall earn interest at a rate of two (2) percentage points below the rate of return of the investment portfolio of the policemen's pension and relief fund as certified by the actuary under contract with the Arkansas Fire and Police Pension Review Board in accordance with generally accepted actuarial practices and § 24-11-207 but no less than the actuarial assumed interest rate as certified by the actuary.
 (B) The interest shall be credited to the individual account balance of the member on an annual basis.
A.C.A. § 24-11-434(e)(2)(A) (Supp. 2005) (emphasis added).[1]
The Arkansas Supreme Court has held that the word "shall" in a statutory context indicates mandatory compliance with the statute's terms. SeeCampbell v. State, 311 Ark. 641, 846 S.W.2d 639 (1993); Chrisco v. SunIndustries, 304 Ark. 227, 800 S.W.2d 717 (1990). See also Hattison v.State, 324 Ark. 317, 920 S.W.2d 849 (1996) and Baumer v. State,300 Ark. 160, 163, 777 S.W.2d 847, 849 (1989) (noting that when the General Assembly uses the word "shall" the effect is mandatory unless an absurdity would result). Clearly, therefore, A.C.A. § 24-11-434(e)(2) is couched in mandatory terms. For this reason, I must conclude that there is no discretion in the local pension and relief board to include a DROP provision that requires a waiver of the statutorily specified interest rate. Accord Op. Att'y Gen. 1997-435. In this regard, subsection (e)(2)(A) provides that a participant "shall earn interest at a rate . . . no less than the actuarial assumed interest rate . . ." (which you report is 6%). The local provision that you have described nevertheless purports to establish 0% as the interest floor. This is unauthorized, in my opinion.
This conclusion is further reinforced, in my opinion, by other provisions of A.C.A. § 24-11-434 that specify circumstances in which the minimum rate is either zero percent (0%) (see subsection (c)(2)(D), regarding continued employment after conclusion of plan participation), or not less than 0% (see subsections (b)(2)(D), concerning extended participation, and (f)(3)(B), concerning deferred payment of accumulated funds). These provisions stand in stark contrast to subsection (e)(2)(B), supra, which specifies as the minimum rate the "actuarial assumed interest rate as certified by the actuary."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Under the provisions of this statute, both employee and employer contributions continue to be made after the employee begins to participate in DROP, with the contributions being paid into the pension fund and the officer's DROP account as specified. See A.C.A. §24-11-434(d)(1) and (2) (Supp. 2005). Additionally, the retirement benefits that would have been payable if the officer had chosen regular retirement will be paid into the officer's DROP account. Id. at (d)(3).